ALICE KOSTELECKY v. ROSA SCHERHART, *et al.*, Appellants.

**Wills:** PARTIES TO SETTING ASIDE. A devisee in a will which has not been probated may, though not an heir, contest a later will 1 which has been probated, where she claims in the contest petition that the first will is entitled to probate.

ELECTION. A person, by receiving from an executor, property 4 bequeathed to her is not necessarly estopped to contest the will; it being claimed and not denied that it was also given her by a former will of testatrix, under which she claims, and it also being claimed by her that she took it for storage at the request of the executor.

HARMLESS ERROR. In an action to set aside a will, refusal to allow 5 defendant to introduce it in evidence is not error, the petition having set it out and admitted that it was probated.

Evidence: PERSONAL TRANSACTIONS. The question asked the con- 3 testant of a will, "State what was the physical condition of (deceased) for two days before her death," is not objectionable as involving a personal transaction between deceased and witnesses, and therefore within the rule of disqualification of a witness prescribed by Code, section 3639.

NON-EXPERTS. A non-expert who was present at, and sometime before 3 the death of testatrix who executed a will the day before her death, may testify as to her physical condition for two days before her death.

RES GESTÆ. Conversations of those present at the execution of a will by a dying person, in reference to her physical condition, are admis- 2 sive in evidence as part of the *res gestæ*, in a proceeding to contest the will.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

TUESDAY, OCTOBER 13, 1896.

NOTE.—On the question how near declarations must be to the main transaction in order to constitute a part of the *res gestæ*, see note to *Ohio and Mississippi R. Co. v. Stein* (Ind.) 19 L. R. A. 733.

THIS is an action to set aside and vacate a last will and testament, purporting to have been made by Ann M. Broshart, deceased. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.—*Affirmed.*

*Ranck & Bradley* for appellants.

*J. A. Edwards, George A. Ewing,* and *Remley & Ney* for appellee.

ROTHROCK, C. J.—It appears from the pleadings and evidence, that Ann M. Broshart made and executed a will on the twenty-eighth day of September, 1886. She made another will on the sixteenth day of August, 1892, and died on the next morning, about 6 o'clock. She was sixty-five years old, and had been out of health for about one year. She was confined to her bed for several weeks prior to her death, and at the time the last will was made she was in an extremely weak condition. The will in question contained a clause revoking former wills. The first will was not presented for probate prior to commencing this suit. The last will had at that time been formally probated. The plaintiff is not an heir at law of the deceased, and she has no interest in the estate, unless the first will is held to be a valid instrument. The petition sets forth the facts attending the execution of both wills, and it is claimed therein that the last will is invalid, because the deceased was incapable to dispose of her property by will, by reason of the want of testamentary capacity. It is also alleged in the petition, that the will was procured by undue influence. This last ground for setting aside the will, was taken from the jury, there being no evidence in support of that ground of contest. The case was tried in the usual way, with the testimony of persons who were present

at the time the last will was made, and the testimony of other witnesses who saw and observed the condition of the testatrix for some time before that, and of others, who were present when she died. Then there was the usual hypothetical questions made upon each side of the contest, and physicians were called as witnesses, and the hypothetical questions were read over to them, and they were interrogated as to their opinions touching the mental condition of the testatrix. Many objections are made to the rulings made by the court, pending the trial. It is proper to say, before proceeding to consider such objections by appellants, as we think demand separate consideration, that the evidence in the case is such that the jury might well find, as they did, that the deceased had not mental capacity to make a valid will on the day before she died. We need not repeat the testimony of the witnesses.

The first matter proper to be considered arises upon the question of the right of the plaintiff to contest the will. If she had no right to any of the property, and if the last will was invalid, she was in no position to question the will. As we have said, she by her petition presented both wills to the court, claiming that the first was valid and the last was void. She introduced evidence, over the objection of the defendants, from which it appeared that the first will was duly executed. Indeed, as we understand it, she proved every fact necessary to probate the first will, if the second will had not been in the way. The defendants objected to this evidence, and raised the same question in a motion in arrest of judgment; that is, the defendants claimed from first to last that the plaintiff could not contest the will, because she was not an heir of the deceased, and the first will had not been admitted to probate. We think, under the facts, the court did not err in admitting the

evidence as to the due execution of the first will, and in overruling the motion in arrest of judgment. It is very doubtful whether the plaintiff would have had any standing in court if she had presented the first will for probate, as an independent proceeding. The two wills were inconsistent, and when the last one was probated the first one could only be presented for probate in connection with a proper action to set aside the probate of the last will. That was, in effect, what was done in this case, when the pleadings and evidence are considered together. It is true, the petition in the case was not drawn with the skill of an expert pleader. But it sufficiently appears therefrom that plaintiff presented the first will, and claimed that she was the owner of certain property under that instrument, and that the last will was void. The cases cited by counsel for appellant on this point do not appear to us to be applicable to the question. There is no doubt that, where it is sought in an action to establish title in real estate under a will, it is necessary to show by proper statutory proofs that the will has been admitted to probate, and that is the effect of the cases cited.

II. The person who prepared the last will was the principal witness in behalf of the plaintiff. Others were present, and all admitted that the testatrix was then in an extremely feeble condition. If the scrivener who wrote the will testified truthfully, there is no doubt that the verdict was right. And there was testimony of other witnesses which tended strongly to corroborate the writer of the will. On the other hand, there were other witnesses who testified that the testatrix was able to talk connectedly, and to fully understand what was said to her, and to comprehend what she did. A great many objections were made to questions asked by plaintiff's witnesses, touching what occurred in the sick room on that occasion, and the

objections were mostly overruled. Under ordinary circumstances, some of these questions, and the evidence elicited thereby, might be said to be incompetent, because they were not conversations with the dying woman, but appear to have been between those who were present. We discover no error in any of these rulings. The woman was *in extremis*, and what occurred in that chamber was so connected with her situation, and the condition of her body and mind, that it was properly considered by the court as part of the transaction, and connected with the making of the will.

III. The plaintiff was examined as a witness in her own behalf. It appears that she was present at the bedside of Mrs. Broshart for some time before her death. The plaintiff was asked the following question: "State what was the physical condition of Mrs. Broshart for two days before her death, as near as you can." This question was objected to in behalf of defendants on the grounds *First*, that it called for the opinion of the witness; and *second*, that it involved a personal transaction between deceased and the witness, and was, therefore, within the rule of the disqualification of a witness prescribed by section 3639 of the Code. Neither ground for the objection appears to us to be well taken. It is well settled that it is competent for a non-expert witness to state the mental condition of a person, after first giving facts showing an acquaintance and knowledge of the person. As to the second ground of objection, it does not appear that an answer would involve a personal transaction between the witness and Mrs. Broshart. It does not call for a conversation between them, nor any personal interview. It merely required a statement of the observation of the witness as to the condition of Mrs. Broshart, and is within the rule of the cases of *Sankey v. Cook*, 82 Iowa, 125 (47 N. W.

Rep. 1077); *Denning v. Butcher*, 91 Iowa, 425 (59 N. W. Rep. 69); *Gable v. Hainer*, 83 Iowa, 457 (49 N. W. Rep. 1024); *Dysart v. Furrow*, 90 Iowa, 59 (57 N. W. Rep. 645); *Martin v. Shannon*, 92 Iowa, 374 (60 N. W. Rep. 645); *Marietta v. Marietta*, 90 Iowa, 201 (57 N. W. Rep. 708). We do not regard other objections to the testimony of the plaintiff as of sufficient importance to demand special mention.

IV. It is said that the hypothetical questions propounded to the medical witnesses were not proper, for a number of reasons, which we will not set out. They are the usual questions in such cases, in which each side recites the facts testified to by other witnesses, and asks for the opinion of experts as to the soundness or the unsoundness of the mind of the testator. We discover no error in the form of the questions propounded by plaintiff's counsel, and we do not think it is necessary to go into details. The facts stated in the main question were all in evidence, and the question itself states pertinent facts only. It is not a statement of every unimportant fact stated by the witnesses, but is a succinct statement of material facts, and covers less than two pages of the abstract.

V. Many other objections were made to the rulings of the court in the examination of the witnesses in reference to the physical and mental condition of Mrs. Broshart during her last sickness. We have examined these rulings, and we discover no prejudicial error in any of them.

VI. It appears by the will sought to be set aside in this case, that certain personal property was devised to the plaintiff. After the will was admitted to probate, the executor delivered the property named in the will, to the plaintiff. When this action was brought, plaintiff was in possession of that property. It was averred in the answer that this was an election on the part of the plaintiff to abide by the

will, and that she was thereby estopped from disputing the validity of the will. The plaintiff, by her reply, denied that she received the property under the will of 1892, but that she took it for storage, and at the request of the executor, and that the same goods were bequeathed to her under the former will, and after receiving said goods she had not used them, and that she does not claim them under the last will, and she offered to return them to the executor. There was, then, the issue whether the property was received by the plaintiff under the provision of the later will. To sustain the averments of the answer, the defendants offered in evidence a receipt, or bond, signed by the plaintiff, acknowledging the receipt of the property. The plaintiff objected to the evidence, which objection was sustained. It is said this ruling was erroneous. We think the position is not well taken. The personal property received appears to have been of the estimated value of thirty dollars. It is said it was bequeathed to plaintiff under the former will, and, while it is a little difficult to determine that question by an examination of the two wills, it is not claimed that it was not included in the former will. There was nothing in the receipt or bond inconsistent with the claim that the property was received to be returned to the executor on demand. In view of all the facts, we think there was no competent evidence to authorize the question of estoppel to be submitted to the jury. It is true that "one who has taken a beneficial interest under a will, is thereby held to have confirmed and satisfied every other part of the will, and he will not be permitted to set up any right or claim of his own, however legal and well founded it may otherwise have been, which would defeat, or in any other way prevent the full operation of the will." Bigelow, Estop. 578. And see, also, *Hainer v. Legion of Honor*, 78 Iowa, 246 (43 N. W.

Rep. 185). The evidence introduced, as well as that offered in this case, did not tend to prove an estoppel.

VII. The court refused to allow the defendants to introduce in evidence the will made in 1892, and the record and probate thereof. Complaint is made of this ruling. It was correct. The will was set out in the pleadings, and there was no dispute about the probate thereof. It was admitted in the pleadings that the will had been probated.

VIII. There are other questions made which we do not regard as of sufficient importance to require special mention. A careful examination of the whole case satisfies us that the judgment of the district court should be AFFIRMED.