## CITY OF INDIANAPOLIS v. STOKES.

[No. 22,464. Filed June 2, 1914.]

1. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Notice of Defect.*—*Complaint.*—*Sufficiency.*—A complaint against a city for injuries sustained in stepping or falling into a hole in a street, describing the hole and its location in detail, and alleging that "the city had full knowledge of the existence of the hole in said street in ample time to have repaired the same before the plaintiff was injured", sufficiently charged the city with knowledge of the defect, both actual and constructive. p. 33.

2. APPEAL.—*Assignment of Errors.*—*Questions Reviewable.*—*Motion for New Trial.*—The refusal of the court to require the jury

to amend its answers to certain interrogatories is not the subject of independent assignment of error on appeal, and such action of the trial court will not be reviewed unless it was presented as a specification in the motion for a new trial. p. 34.

3. APPEAL.— *Questions Reviewable.— Instructions.*— Objections to instructions will not be reviewed where no question thereon is presented by the motion for a new trial. p. 34.

4. DAMAGES.—*Excessive Damages.*—Damages are not deemed excessive unless at first blush they appear to be outrageous and excessive, or it is apparent that some improper element was taken into account by the jury in determining the amount. p. 35.

5. APPEAL.—*Questions Reviewable.—Evidence.—Credibility of Witnesses.*—The weight of the evidence and the credibility of witnesses are for the jury to determine, so that its findings can not be disturbed on appeal if there is some evidence to support same. p. 35.

6. APPEAL.—*Review.—Objections to Evidence.*—Objections to questions asked a witness, or to answers given by him, must be interposed at the time in order to be available. p. 35.

7. MUNICIPAL CORPORATIONS.—*Defective Streets.—Liability.—Evidence.*—A city is primarily liable for injury to persons by reason of defective streets, hence, in an action against a city to recover for such injuries, evidence of a contract by which a street car company was to keep the street in repair and save the city harmless, was properly excluded. p. 35.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by Estella S. Stokes against the City of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Newton J. McGuire* and *William Featheringill,* for appellant.

*Wymond J. Beckett* and *Miller & White,* for appellee.

ERWIN, J.—The appellee brought suit against the appellant and the Indianapolis Traction and Terminal Company for personal injuries received by her while alighting from a car of the traction company, in the city of Indianapolis. The cause was tried in Johnson County. At the close of the evidence appellee dismissed her cause as to the traction company. The negligence charged against the appellant was its failure to keep its streets in proper repair and in allowing certain holes to remain in its street, into which appellee

stepped, or was thrown when alighting from one of the cars of the traction company. There was a trial by jury, and a verdict for $7,500.

The assignment of errors presents the questions: (1) The sufficiency of the amended complaint; (2) error of the court in refusing to require the jury to amend its answers to interrogatories Nos. 8 and 16; (3) overruling the motion for a new trial.

The portion of the complaint to which appellant makes serious objection and which seeks to charge the city with liability is as follows: "And the plaintiff says that

1. the defendant city of Indianapolis was negligent, which negligence was the proximate cause of her injury in this, to wit: That it had negligently permitted a large, deep hole to be and remain in said street, about fifty (50) feet south of the point where the tracks of the said defendant Indianapolis Traction and Terminal Company intersect at said Alabama Street and Ft. Wayne Avenue, and about two (2) to three (3) feet east of the east rail of defendant, Indianapolis Traction and Terminal Company's east track in said Alabama Street, and at a point where the Indianapolis Traction and Terminal Company usually takes on, and lets off passengers; that said hole was about eight inches deep and of irregular shape, about eighteen inches in one direction and twelve to fourteen inches in the other; that defendant city of Indianapolis had full knowledge of the existence of said hole in said street at said point in ample time to have repaired the same before the plaintiff was injured but failed and neglected to do so, and negligently failed to protect or guard the same in any way; that it was in the nighttime and the defendant, the said city of Indianapolis, negligently failed to place warning lights of any kind around or about the hole; that said hole was dangerous to the public and especially to persons getting off and on cars of the defendant, Indianapolis Traction and Terminal Com-

Vol. 182—3

pany at said point.   And plaintiff says that it was in the
nighttime and dark when defendant Indianapolis Traction
and Terminal Company, so stopped its car for her to alight
at said point, as aforesaid; that as she alighted from said
car as aforesaid, she was thrown or stepped in said hole in
said street and was thereby injured without her fault.   And
plaintiff says that she had no notice or knowledge of the
existence of said hole before she stepped into the same, as
aforesaid.''   It is insisted by appellant, that the allegations
that ''the city had full knowledge of the existence of the
hole in said street in ample time to have repaired the same
before the plaintiff was injured'' was not sufficient to charge
the city with knowledge of its existence, either actual or con-
structive.   We are of the opinion that the complaint is suffi-
cient to charge both *actual* and constructive knowledge.
*City of Huntington* v. *Burke* (1895), 12 Ind. App. 133, 39
N. E. 170; *Town of Spiceland* v. *Alier* (1884), 98 Ind. 467.

The second assignment of error, viz., that the court erred
in refusing to sustain the motion of appellant to require
the jury to amend its answer to interrogatories Nos.
8 and 16, presents no question for the consideration
of this court, for the reason that the same was not
assigned as a cause for a new trial and cannot be the basis
for an independent assignment of error in this court.

The motion for a new trial presents no question upon the
instructions.   It contains the averments (1) that the dam-
ages are excessive, (2) the assessment of the amount
of recovery is erroneous in this, that the same is too
large, (3) the verdict of the jury is not sustained by
sufficient evidence, (4) the verdict is contrary to law, (5)
the court erred in admitting the testimony of one Delano
Brown, who testified that a short time before, she stepped
into a hole in the street near or at the place where appel-
lee fell, (6) the court erred in excluding a certain ordinance
which it is claimed compelled the traction company to keep
harmless the city, on account of defects in the streets, such

as this one.  Damages are not considered excessive unless at first blush they appear to be outrageous and excessive, or it is apparent that some improper element was taken into account by the jury in determining the amount.  *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 215, 82 N. E. 1025, 84 N. E. 14, 16 L. R A. (N. S.) 527, 16 Ann. Cas. 1, and cases cited; *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 348, 78 N. E. 911; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 678, 53 N. E. 641; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, 100, 56 N. E. 434.  There is some evidence on each material averment of the complaint, and we are not authorized to determine its weight, nor the credibility of witnesses.  This was for the jury.

It is next urged that the court erred in admitting the testimony of Delano Brown, as to having fallen into another hole in the street near or at the same place, where appellee fell.  It appears from the record that all objections to questions asked this witness were sustained.  There were some other questions asked and answers given without any objections on the part of appellant.  But to be available as grounds for a new trial objections must be interposed at the time.

Refusing the admission of a certain ordinance which appellant claims required the traction company to keep the city harmless by reason of defects along its tracks, was not error.  If such is the ordinance, and the contract between the city and traction company, the city has its remedy against the traction company for any injuries it may suffer by reason of the violation of the ordinance, if any, and it was not proper to adjudicate that matter in this action.  The city is primarily liable for injury to persons by reason of defective streets, and if it has contracted with other persons or corporations to keep them in repair, and they fail to do so, this would not relieve it from liability for failure to keep its streets in repair.

There is no reversible error in the record. Judgment affirmed.

Note.—Reported in 105 N. E. 477. As to municipal liability for defects or obstructions in streets, see 20 L. R. A. (N. S.) 513; 33 L. Ed. U. S. 334. As to the duty a municipality owes the public to keep its streets in repair, see 103 Am. St. 258. See, also, under (1) 28 Cyc. 1469; (2) 29 Cyc. 736; (3) 29 Cyc. 744; (4) 13 Cyc. 121; (5) 3 Cyc. 348; (6) 38 Cyc. 1390; (7) 28 Cyc. 1354, 1479.