(No. 12107.—Judgment affirmed.)
PERMELIA P. KING *et al.* Appellants, *vs.* O. P. WESTER-
VELT, Exr., Appellee.

*Opinion filed June 20, 1918—Rehearing denied October 3, 1918.*

1. WILLS—*executor has interest in will to authorize him to appeal from order denying probate.* The person named in a will as executor has an interest in the will, within the meaning of the statute, which authorizes him to appeal to the circuit court from an order denying probate of the will.

2. SAME—*what proof of execution is sufficient to admit will to probate.* Where one attesting witness does not remember anything in regard to the execution and attestation of the will except that he signed it in the presence of the testator after being called on the telephone for that purpose, but the other attesting witness testifies that both witnesses signed in the presence of the testator, that the testator signed in their presence, and that within the hearing of the testator (who was of sound mind) he told the other witness that the testator wanted him to witness the will and showed him where to sign his name, the proof of execution and attestation is sufficient to admit the will to probate.

APPEAL from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

KIRK & SHURTLEFF, for appellants.

284 — 26

STEVENS, MILLER & ELLIOTT, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

John F. King died testate in Peoria May 19, 1917. He left a widow, two sons and a daughter as his only heirs. His will was executed November 30, 1914, and in it Oliver P. Westervelt, whose correct name is Oscar P. Westervelt, was named as executor. The will directed the income from all of testator's property be paid to his wife during her life, gave her the use of the homestead and furniture therein, and, subject to the widow's interest, all the property was devised and bequeathed to the testator's three children in equal shares, except that his son Walter was first to be paid $3000 and then share equally with the other children. When the will was presented for probate its admission to probate was resisted by the widow and heirs and upon a hearing in the probate court the will was denied probate. Westervelt appealed from the decision of the probate court to the circuit court. The widow and heirs, appellants here, moved to dismiss the appeal on the ground that Westervelt, the person named in the will as executor, had no interest in the will and the court was therefore without jurisdiction to entertain the appeal. This motion was overruled and exceptions were preserved by appellants. A hearing was had and an order and judgment entered admitting the will to probate. The widow and heirs have appealed from that judgment to this court.

It is contended, first, that the circuit court erred in overruling the motion to dismiss the appeal; and second, that the proof was insufficient to authorize the admission of the will to probate.

Section 14 of the statute on wills authorizes an appeal "by any person interested in such will" from the order of the county court admitting or denying the probate of a will to the circuit court in the same time and manner as appeals may be taken from justices of the peace, except that the

bond may be approved by the clerk of the county court, the trial of the appeal to be *de novo*. Appellants contend that the executor named in the will is not a person interested within the meaning of the statute and cannot appeal. Counsel for both sides say the precise question here presented has never been passed upon in this State.

We are of opinion the person named in the will as executor has an interest in the will within the meaning of the statute, which authorizes him to appeal from an order denying it probate. He is a necessary party to a bill to contest a will and has such an interest in sustaining it that he is authorized to appeal from a decree setting it aside. (*Hesterberg* v. *Clark*, 166 Ill. 241.) He has such an interest as authorizes him, over the objection of those resisting probate, to dismiss a petition filed by him for probate of the will, either in the county court or the circuit court. (*Hitchcock* v. *Green*, 235 Ill. 298.) This court has treated the executor as having such an interest as authorized him to appeal in *Senn* v. *Gruendling*, 218 Ill. 458, *In the matter of Page*, 118 id. 576, and *Doran* v. *Mullen*, 78 id. 342, though in those cases that question was not raised. The author of the text of the chapter on wills in 40 Cyc. 1351, says: "It is usually provided that appellate proceedings may be taken by any interested party who is aggrieved by the decision of the probate court," and that these words are liberally construed and have been held to include executors, citing in a note decisions of several States, and those we have examined sustain the text. The court did not err in denying the motion to dismiss the appeal.

The testator's will was signed by Henry Oesterly and James M. Morse as witnesses. Appellants insist the proof of the execution of the will was not sufficient to entitle it to admission to probate.

Oesterly testified he was at his grocery store, about a block away from the King residence, when he was requested by telephone to come to the residence to witness a will; that

he immediately went to the residence and found another man there in the room with the testator but did not know him and he was unable to recognize him at the hearing as being Morse. The witness recognized the signature to the will as his but said no one said anything at the time he signed it about a will; that the other man there besides him and the testator handed witness the paper and showed him where to sign it; that the testator said nothing in the witness' presence and did not sign the paper while he was there; that the witness knew what it was from the talk over the telephone. He testified that he was in the room just long enough to sign it and immediately left. He could not state what the condition of the testator's mind was at that time. He had known him many years and never knew anything wrong with his mind.

Morse, the other witness to the will, had been admitted to the bar but was engaged in the real estate business. He testified the testator wrote him a letter requesting him to prepare a will for him and giving directions as to what disposition he desired to make of his property. The witness prepared a will in accordance with the instructions and sent it to the testator by mail. Subsequently he was requested to go to the testator's house to witness the execution of the will and did so. He saw the testator sign the will and at his request and in his presence Morse signed as a witness. He testified Oesterly was present when the testator signed the will; that he (Morse) showed Oesterly where to sign as a witness; that he told him King wanted them to witness the will; that the testator was present in the room where the witness and Oesterly were when witness made that statement to Oesterly and when they signed it as witnesses.

Oesterly's memory was not very clear about what actually occurred at the time the will was executed. He appears to have been of opinion that what he did not remember did not occur. He had left his store in charge of a customer

and was in a great hurry to return, and did so as soon as he transacted the business he went to the testator's residence to transact. He knew he went there to witness the execution of the will but testified nothing was said by anyone about that matter after he got to the house and that he did not see the testator sign the will nor did the testator say anything to him about signing it. We think it clear that Morse's memory is more reliable than that of Oesterly about the circumstances attending the execution of the will. Morse testified that in the testator's presence he stated to Oesterly when he came into the room that King wanted them to witness his will, and that King signed it, and that he (Morse) showed Oesterly where to sign as a witness, and that they both signed in the presence of the testator. It was not indispensable that the testator should have himself stated the instrument was his will and requested Oesterly to sign it. If Morse gave Oesterly that information in the presence and hearing of the testator it was sufficient. The assent of the testator would be inferred in the absence of evidence to the contrary. The attestation clause signed by the witnesses stated it was signed on the day of its date and declared by the testator to be his last will and testament in the presence of the witnesses, who at his request and in his presence and in the presence of each other signed it as witnesses. Morse testified the testator was of sound mind and it is not questioned by appellants that he was. On the hearing in the circuit court three bankers who had transacted business with the testator testified to his soundness of mind. Under numerous decisions of this court the proof was sufficient to entitle the will to be admitted to probate. *Dubach* v. *Jolly,* 279 Ill. 530; *Thompson* v. *Karme,* 268 id. 168; *Craig* v. *Trotter,* 252 id. 228; *In re Estate of Kohley,* 200 id. 189.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*