EMHARDT, ADMINISTRATOR *v.* COLLETT, ET AL.

[No. 23,523. Filed May 12, 1921. Rehearing denied October 14, 1921.]

1. WILLS.—*Contest.—Allegation of Execution.—Statutes.*—In an action to set aside a will and revoke the order probating it, the averment that the decedent executed the alleged prior will under which the plaintiff claims, amounted to an allegation that all acts were done which are required to constitute execution under §3132 Burns 1914, §2376 R. S. 1881, including the signing by the testator at the time when he possessed testamentary capacity, and the attestation in his presence by two competent witnesses. p. 218.

2. WILLS.—*Contest.—Judgment Setting Aside Probate.—Right of Executor or Administrator to Appeal.—Statutes.*—Under §3163 Burns 1914, §2605 R. S. 1881 providing that any person affected by a judgment setting aside the probate of a will may appeal, an executor or administrator with the will annexed can maintain an appeal from a judgment setting aside the probate of the will under which he was appointed, even though none of the beneficiaries under the will joined in the appeal. p. 220.

3. WILLS.—*Contest.—Prior Wills.—Burden of Proof.*—Beneficiary under a prior will, suing to revoke the probate of a subsequent will, had the burden of proving the facts which she alleged in her complaint as the basis of her interest, and was

required to establish by proof facts which would authorize the probate of the will under which she claims. p. 221.

4. WILLS.—*Contest.—Prior Wills.—Proof.—Sufficiency.—Rights of Beneficiary.*—Mere proof by a beneficiary under a prior will, suing to revoke the probate of a subsequent will, that an instrument existed purporting to bear the signature of the testator and two witnesses, which recited that all of the testator's estate was bequeathed to her, did not sufficiently prove that she was a party in interest under §251 Burns 1914, §251 R. S. 1881, §3154 Burns 1914, Acts 1911 p. 325, to enable her to maintain an action for the overthrow of the later will upon proof of its invalidity, without any showing as to the validity of the will under which she claimed. p. 221.

5. APPEAL.—*Review.—Instructions.—Applicability to Evidence. —Failure to Point Out Evidence.*—The Supreme Court cannot undertake to decide whether or not instructions violate the rule, that the court should not give instructions declaring the law upon facts of which there is no evidence before the jury, upon mere general assertions by counsel, without pointing out evidence relied on, and where it is to be found in the record. p. 223.

6. WILLS.—*Contest.—Instructions.—Undue Influence.*—In an action to set aside the probate of a will, if the defendant had duly requested an instruction which, in proper form, advised the jury that undue influence, to invalidate a will, must be directly connected with its execution, and must be operative at the time it was made, and the court had refused to instruct as requested, its action would have been erroneous. p. 223.

7. APPEAL.—*Review.—Instructions.—Incomplete Instructions.— Duty to Request Proper Instructions.*—Where the defect in an instruction consists of what it fails to say, and not what it actually says, the party aggrieved must duly request a proper instruction, supplying the omission, in order to raise any question on appeal as to the court's failure to give a complete instruction. p. 224.

From Marion Probate Court (1,053); *Mahlon E. Bash*, Judge.

Action by Margaret Collett and another against Adolph G. Emhardt, administrator with the will annexed of the estate of Edward A. Adams, deceased. From a judgment for plaintiffs, the defendant administrator appeals. *Reversed.*

*Philip Zoercher* and *Norman E. Patrick,* for appellant.

*Charles B. Clarke* and *Walter C. Clarke,* for appellees.

EWBANK, J.—The appellee, Margaret Collett, brought this action against appellant, as administrator with the will annexed of the estate of Edward A. Adams, deceased, and appellee Oscar G. Hermann, sole beneficiary under said will, which was dated October 6, 1916, and was admitted to probate December 26, 1916. By her complaint she sought to contest and set aside the will and to revoke the order probating it, on the alleged grounds of the unsoundness of mind of the decedent, undue influence, and the undue execution of the instrument. The appellee Collett did not claim to be an heir at law of the decedent, but alleged that she was the sole beneficiary under a prior will. The complaint alleged "that on the 27th day of January, 1910, said Edward A. Adams, was a person of sound and disposing mind and memory and did execute a certain paper as his last will and testament bearing said date, and that by the terms of said will, plaintiff herein (was) named as the sole and only legatee and devisee in said will. That said will was never recalled or revoked at any time, during the life of said Edward A. Adams. That on said 10th day of January, 1910, said Edward A. Adams was a person of sound mind and was not unduly influenced in the execution of the will executed by him on said date." The sufficiency of the complaint was not challenged, but the appellant and appellee Hermann filed an answer of general denial, and the issue thus formed was submitted to a jury for trial. The evidence showed, among other things, that the will dated October 6, 1916, was submitted to probate before this action was commenced. An instrument purporting to be signed by

"Edward Adams," on January 27, 1910, devising all of his estate to Margaret A. Collett, and bearing an indorsement that: "Before us, the undersigned, the above named Edward Adams signed, declared and published the above and foregoing as his last will and testament and as a revocation of all wills by him at any time heretofore made, and we have at his request, and in his presence and in the presence of each other, subscribed our names hereto as witnesses. Ada B. Kerr, Margery Conway," was read in evidence, under a stipulation that the instrument, including such indorsement, "was written and signed in the office of Clarke and Clarke in the presence of Margery Conway who is the stenographer and her sister Ada B. Kerr." It appears that Clarke and Clarke were and are the attorneys for appellee Collett in this action.

The averment that the decedent executed the alleged will under which appellee claims, amounted to an allegation that all acts were done which are required

1. to constitute execution, including the signing by the testator at a time when he possessed testamentary capacity, and the attestation in his presence by two competent witnesses. §3132 Burns 1914, §2376 R. S. 1881.

Neither Margery Conway nor Ada B. Kerr testified. Nobody testified to having seen the decedent sign this will, nor that what purported to be his signature was genuine, nor that Margery Conway and Ada B. Kerr, or either of them, signed as a witness at the request of the testator or in his presence; nor that the testator was a person of sound mind and was not unduly influenced in the execution of said will; nor to any facts which occurred at the time it was signed or on or about that date tending to show his mental condition at that time, or that he was or was not unduly influenced at that time, or what was done in the way of executing the

said will, except only as shown by the stipulation and the recitals of the instrument as above set out.

Appellant duly tendered and the court refused to give an instruction, numbered 13, to which refusal appellant excepted. Said instruction (in part) was as follows: "Where the interest of the party suing to contest the validity of the will of a testator is founded solely upon the fact that such party is a legatee or a devisee under a prior alleged will of such testator, and there is no evidence to show that such party has any other interest, then it is incumbent upon such party to prove that such former will was executed by the testator with all the formalities necessary to make it a valid will, so that it would be operative as the last will and testament of the testator in the event the contested will is set aside; for unless such former will was executed with all the formalities requisite to the execution of a valid will, one having no interest other than that of a legatee or devisee thereunder, would in fact and in law have no interest that would warrant a verdict in his favor." But the court gave of its own motion, instruction No. 4, which was the only instruction given that purported to state the facts of which the plaintiff had the burden of proof in order to overthrow the second will, to which instruction appellant excepted. That instruction reads as follows: "Upon the issues thus joined in said cause, the burden of proof rests upon the plaintiff to prove, by a preponderance of all of the evidence given in the cause, that at the time of execution of said pretended will on October 6, 1916, said Edward Adams was of unsound mind and incapable of making a will; or that said pretended will bearing date of October 6, 1916, was unduly executed, or that said pretended will bearing date of October 6, 1916, was never executed by said Edward Adams and the signature purporting to be his signature was not made, or signed by him, or by any

other person in his presence, or at his request, or with his knowledge and consent; or that the execution of said pretended will bearing date of October 6, 1916, was procured by undue influence exercised upon the mind of said decedent by defendant Oscar G. Hermann." No instruction was given as to the burden of proof of the other allegations of the complaint.

The court also gave other instructions, on the subjects of insane delusions and of undue influence, hereafter referred to, and appellant duly reserved an exception to each of them.

The jury returned a verdict in favor of appellee Collett that the instrument probated as the last will of said decedent is invalid, and that it and the probate thereof should be set aside, and answered an interrogatory by stating that on the day it was executed the decedent was of unsound mind. A motion for a new trial on the alleged grounds that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving and refusing instructions as above stated, was overruled and appellant excepted. From a judgment declaring that the second will was invalid, that the probate thereof be set aside and revoked, and against the appellant and appellee Hermann for costs, the appellant perfected a term appeal. The only error assigned is that the trial court erred in overruling the motion for a new trial.

The appellees raise a preliminary question as to whether an executor or an administrator with the will annexed can maintain an appeal from a judgment

2. setting aside the probate of the will under which he was appointed, where none of the beneficiaries under such will join in the appeal. It is a settled rule of law that he can, and appellees are not entitled to have the appeal dismissed. *Hesterberg* v. *Clark* (1897), 166 Ill. 224, 46 N. E. 734; *King* v. *Westervelt* (1918), 284 Ill.

401, 120 N. E. 241; *Chappelle* v. *Woodhams* (1917),
174 Cal. 663, 164 Pac. 1110; 40 Cyc 1351.   An appeal
from a judgment setting aside the probate of a will may
be taken by "any person affected."   §3163 Burns 1914,
§2605 R. S. 1881; *Dinwiddie* v. *Shipman* (1915), 183
Ind. 82, 85, 108 N. E. 228; *Whisler* v. *Whisler* (1903),
162 Ind. 136, 143, 67 N. E. 984, 70 N. E. 152.

The questions of law presented by the exceptions of
appellant to the giving of instruction No. 4, and the
refusal to give the requested instruction No. 13,
and also by the contention that the verdict is not
sustained by the evidence, is whether or not the
appellee, whose only interest in the estate of Edward
A. Adams, if any she had, grew out of an
alleged will executed by him in her favor, had the
burden of proving the facts which she alleged in her
complaint as the basis of such interest, and was re-
quired to establish by proof facts which would authorize
the probate of the will under which she claims, if the
later will did not exist; or whether mere proof that an
instrument existed purporting to bear the signatures of
the testator and two witnesses, which recited that all
of his estate was bequeathed to her, sufficiently proved
that she was a party in interest (§251 Burns 1914,
§251 R. S. 1881; §3154 Burns 1914, Acts 1911 p. 325)
to enable her to maintain an action for the overthrow of
the later will upon proof of its invalidity, without any
showing as to the validity of the one under which she
claims.  We think that the first of these questions must
be answered in the affirmative, and the second in the
negative; that for lack of evidence that the will under
which the appellee claimed was executed by the deceased
with the formalities required by law, and that he pos-
sessed testamentary capacity at the time, the evidence
was insufficient to sustain the verdict, and that the giv-
ing of instruction No. 4 by the court, and the refusal

to give instruction No. 13 asked by appellant, were both erroneous. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 67, 41 N. E. 336; *Kostelecky* v. *Scherhart* (1896), 99 Iowa 120, 122, 68 N. W. 591; *Safe Deposit, etc., Co.* v. *Devilbiss* (1916), 128 Md. 182, 97 Atl. 367; *Egbert* v. *Egbert* (1920), 186 Ky. 486, 217 S. W. 365, 366. The Supreme Court of Indiana said: "The appellees, having based their right to maintain this action upon the reason that they were interested in the estate by reason of the provisions of the lost or destroyed will, were, among other things in order to prevail upon the trial, required to establish that right." *McDonald* v. *McDonald, supra.*

The Supreme Court of Iowa said: "She introduced evidence, over the objection of the defendants, from which it appeared that the first will was duly executed. Indeed, as we understand it, she proved every fact necessary to probate the first will, if the second had not been in the way * * * We think, under the facts, the court did not err in admitting the evidence as to the due execution of the first will." *Kostelecky* v. *Scherhart, supra.* The Supreme Court of Maryland said: "Independent of any adjudication of the questions, it would seem clear upon principle that only those who have an interest in the property of the testator in the event the will is annulled are entitled to caveat his will, or to issues relating to its validity, and that the right of caveators to maintain their suit should be established before such issues are transmitted to a Court of law for trial. Both of these propositions have, however, been distinctly settled in this state (reviewing authorities). * * * The record shows that no evidence was offered in support of the will of 1910, and no proof was taken in the Orphans' Court in respect to either of the issues presented by the answer (which denied that the decedent left a duly executed will dated

December 16, 1910, in which the petitioners were named as legatees, and alleged that if such a will ever existed it was revoked by him before his death) before the issues in reference to the will of 1912 were granted, and we must therefore reverse the order appealed from." *Safe Deposit Co.* v. *Devilbiss, supra.* Numerous authorities are to the same effect, constituting, we think, the overwhelming weight of authority.

Instructions Nos. 19 and 20, given by the trial court, related to the subject of "insane delusions." Counsel for appellant states that there was no 5. evidence that the deceased had an insane delusion of any kind. Counsel for appellee insists that witnesses testified to his "many delusions," but do not point out the evidence on which they rely. Of course, the court should not give instructions declaring the law upon facts of which there is no evidence before the jury. But we cannot undertake to decide whether or not these instructions violated this rule, upon mere general assertions by counsel, without pointing out the evidence relied on, and where it is to be found in the record.

Appellant complains of instruction No. 26, given by the court, because it "failed to advise the jury that undue influence, to invalidate a will, must be directly connected with its execution, and must be 6. operative at the time it is made." If the appellant had duly requested an instruction which, in proper form, did so advise the jury, and the court had given the one complained of and refused to instruct as requested, its action would have been erroneous. *Wiley* v. *Gordon* (1914), 181 Ind. 252, 266, 104 N. E. 500; *Barr* v. *Sumner* (1915), 183 Ind. 402, 423, 107 N. E. 675, 109 N. E. 193.

The court gave thirty-one instructions. It does not appear that it was requested to give one supplying the omission from this one of which complaint is made.

And where the defect in an instruction consists
7. of what it fails to say, and not of what it actually
says, the rule is that a party must duly request a proper instruction, supplying the omission, in order to raise any question on appeal as to the court's failure to give a complete instruction. *Vandalia Coal Co.* v. *Coakley* (1916), 184 Ind. 661, 667, 111 N. E. 426; *Elliot* v. *Elliot* (1916), 61 Ind. App. 209, 212, 111 N. E. 813.

For lack of evidence that the alleged prior will under which appellee claims was executed by the decedent with such formalities and at a time when he possessed such mental capacity as that it would be entitled to probate as his last will if there were no later will, and for error in giving instruction No. 4, and in refusing to give the requested instruction No. 13, the judgment must be reversed.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.