CITY OF GARY *v.* WALTER ARCHER.

[No. 3-1072A77. Filed September 6, 1973. Rehearing denied October 15, 1973. Transfer denied February 19, 1974.]

*J. Robert Miertschin, Jr.,* Assistant City Attorney of Gary, for appellant.

*Max Cohen,* of Gary, *B. K. Delph,* of Hammond, for appellee.

STATON, J.—Archer received a jury verdict of Thirty-Five Thousand Dollars ($35,000.00). Twenty-One Thousand Dollars ($21,000.00) of the judgment was an award of punitive damages. His action against the City of Gary and one of its police officers was for assault and battery, false arrest, false imprisonment and malicious prosecution. Punitive damages were requested. The City's answer was a general denial and self-defense. After closing argument, the jury was given instructions six (6), seven (7) and nine (9) which related to punitive damages. No objection was made by the City to any of these instructions. The first objection to punitive

damages being requested by Archer in his complaint or instructions was on appeal in the City's motion to correct errors.

The issue attempted to be raised here for the first time on appeal is whether it is against public policy for the jury to award punitive damages against a municipality. Before reaching this issue, we must first determine whether the City waived the issue by failing to make any objection before or during trial.

Appeal of alleged errors during trial must be based upon an objection timely made during the trial. *Dudley Sports Co. v. Schmitt* (1972), 151 Ind. App. 217, 279 N.E.2d 266. This Court is without jurisdiction to consider questions raised for the first time on appeal. *Aocker v. Buell* (1970), 147 Ind. App. 422, 261 N.E.2d 894; *Monon Railroad v. New York Central Railroad Company* (1967), 141 Ind. App. 277, 227 N.E.2d 450.

Therefore, we must conclude that the City's proposed issue of error has been waived. The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 300 N.E. 2d 687.