**MILLER PIPELINE CORPORATION,**
Appellant (Defendant Below),

v.

**Delmar BROEKER and Barbara Broek-**
**er, Appellees (Plaintiffs Below).**

No. 2–682A163.

Court of Appeals of Indiana,
Second District.

May 23, 1984.

OPINION ON PETITION FOR
REHEARING

SULLIVAN, Judge.

Miller Pipeline Corporation appealed from an adverse jury verdict awarding $75,000 punitive damages. In our decision of February 27, 1984, we reversed the award, holding that conduct for which punitive damages may be awarded must demonstrate malice or an equivalent state of mind and that a heedless disregard of the consequences, absent an oppressive or malicious state of mind, was insufficient to justify such an award. *Miller Pipeline Corp. v. Broeker* (2d Dist.1984) Ind.App., 460 N.E.2d 177, 185.

On petition for rehearing, the Broekers, pursuant to Appellate Rule 8.4(B), have filed additional authority in support of the punitive damages award, to-wit: *Orkin Exterminating Co. v. Charles Traina and Michelle Traina* (4th Dist.1984) Ind.App., 461 N.E.2d 693. *Orkin* was decided one month after our decision in *Miller Pipeline, supra.* It holds that wilful or wanton misconduct alone will support an award of punitive damages.

We acknowledge that Orkin's specification of the conduct necessary to an award of punitive damages contemplates something considerably less than the malice standard we enunciated in *Miller Pipeline,* and as such, constitutes a direct contradiction. However, we believe *Orkin* incorrectly states the law and decline the invitation to adopt its rationale in preference to our decision of February 27, 1984.

Accordingly we deny rehearing.

SHIELDS, J., concurs.

MILLER, J. (participating by designation), concurs in result.