**BUD WOLF CHEVROLET, INC.,**
Appellant (Defendant Below),

v.

**George and Patsy ROBERTSON,**
Appellees (Plaintiffs Below).

No. 2–1084–A–322.

Court of Appeals of Indiana,
Second District.

June 1, 1987.

Rehearing Denied July 1, 1987.

Shields, P.J., concurred in part and concurred in result in part.

Buchanan, J., concurred in part and dissented in part and filed opinion.

Gregory L. Noland, Emswiller & Noland, Indianapolis, for appellant.

John A. Young, John D. Cochran, Jr., Young, Cochran & Reese, Indianapolis, for appellees.

## OPINION ON PETITION FOR REHEARING

SULLIVAN, Judge.

Appellees George and Patsy Robertson (Robertsons) have filed their Petition for Rehearing asking that we alter our decision of August 4, 1986 [*Bud Wolf Chevrolet, Inc. v. Robertson* (1986) 2d Dist. Ind. App., 496 N.E.2d 771]. Robertsons present two alternative arguments. First, they ask this court to alter the determination that Bud Wolf Chevrolet, Inc. (Bud Wolf) did not waive its right to object to the sufficiency of the evidence supporting the jury's award of punitive damages. Second, they allege that there was sufficient evidence under the law of the case to support the jury's award of punitive damages.

We disagree with Robertsons' argument regarding waiver and write to clarify our position on that issue. However, we agree with Robertsons' argument regarding the law of the case, and accordingly take this opportunity to modify our original opinion and reinstate the jury's award of punitive damages.

### ISSUE I

■ On direct appeal we held that under Indiana Trial Rule 50(A)(4), Bud Wolf's tender of a jury instruction upon the issue of punitive damages did not constitute a waiver of its right to challenge the sufficiency of the evidence supporting the jury's award of punitive damages. Robertsons argue that this holding is in direct conflict with this court's decision in *Tutwiler v. Snodgrass* (1981) 2d Dist. Ind.App., 428 N.E.2d 1291, and that it contravenes the ruling precedent established by our Supreme Court in *Thornton v. Pender* (1978) 268 Ind. 540, 377 N.E.2d 613.

Robertsons are correct that our holding conflicts with *Tutwiler*. In *Tutwiler*, the appellant attempted to challenge the sufficiency of the evidence supporting an award of punitive damages. Despite appellant's argument that Trial Rule 50(A)(4) permitted the issue of the sufficiency of the evidence to be raised, this court, without discussion of the implications of Trial Rule 50,

held that the appellant had waived the issue by failing to object to the jury instruction on punitive damages.

Our reading of Trial Rule 50 now leads us to the conclusion that our decision on this issue in *Tutwiler* was incorrect. Trial Rule 50(A)(4) provides:

"(A) Judgment on the evidence—How raised—Effect. Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict. A party may move for such judgment on the evidence.

\*     \*     \*     \*     \*     \*

(4) In a motion to correct errors;"

The rule clearly permits a challenge to the sufficiency of the evidence to be made in a motion to correct errors, the procedure followed by Bud Wolf. We are unable to see how a party could waive this avenue of relief by failing to object to an instruction. To so hold would circumvent the apparent intent of the rule.

By clear dictate of the Rule itself, the argument is not waived by failure to question the sufficiency of the evidence either at the close of plaintiff's case or at the close of all the evidence. It therefore stands to reason that a more remote objection, such as to an instruction upon the particular issue, is not required.

Additionally, even without regard to the provisions of Trial Rule 50, we fail to see how Bud Wolf's tendered instruction could be reasonably considered as a waiver of its challenge to the sufficiency of the evidence supporting the punitive damages award. The instruction read as follows:

"If you find that George and Patsy Robertson are entitled to recover, then in addition to the actual damages to which you find them entitled, you may award an additional amount as punitive damages if you find by clear and convincing

evidence that Bud Wolf Chevrolet, Inc., acted with malice, fraud, gross negligence or oppressiveness which was not the result of a mistake of fact or law, honest error or [sic] judgment, overzealousness, mere negligence or other human failing in the sum as you believe will serve to punish the Defendant and to deter it and others from like conduct in the future." Record at 113.

A party is entitled to an instruction if it is within the issues and if there is any evidence fairly tending to support it. *Campbell v. City of Mishawaka* (1981) 3d Dist. Ind.App., 422 N.E.2d 334. However, a party is entitled to an award of punitive damages only if the evidence supporting the award is clear and convincing. *Travelers Indemnity Co. v. Armstrong* (1982) Ind., 442 N.E.2d 349. Bud Wolf's tender of its instruction was at most a concession that there was some evidence fairly tending to support an award of punitive damages. It was by no means a concession that the evidence was clear and convincing.

Robertsons also argue that our Supreme Court's decision in *Thornton v. Pender, supra*, 377 N.E.2d 613, requires a determination of waiver. However, *Thornton* is inapplicable. In *Thornton*, the plaintiffs argued on appeal that an instruction was erroneously given because there was no evidence to support it. The court determined that the plaintiffs had waived their challenge to the instruction by failing to object to the instruction at trial.

If, in the case before us, defendant were to argue that punitive damages was not an appropriate issue we would decline to review that assertion. By its tender of a punitive damage instruction it has conceded that punitive damages is an issue. *See City of Gary v. Archer* (1973) 3d Dist., 157 Ind.App. 477, 300 N.E.2d 687. The defendant has not conceded, however, that the evidence submitted to the jury was so clear and convincing as to justify an award of such damages.

A review of case law appears to support our position in this respect.

A defendant who tenders an instruction setting forth the material elements of recovery necessary to be proved by plaintiff does not thereby waive the right to assert that such evidence as introduced by plaintiff is insufficient to support a verdict. *See Emhardt v. Collett* (1921) 191 Ind. 215, 131 N.E. 48. By tendering such an instruction, a defendant does not concede the adequacy of the evidence. He is entitled to assist in providing the jury the legal principles which should guide its determination, without foreclosing his right to question an adverse verdict. *See Indianapolis Horse Patrol, Inc. v. Ward* (1966) 247 Ind. 519, 217 N.E.2d 626.

In *Memorial Hospital of South Bend, Inc. v. Scott* (1973) 261 Ind. 27, 300 N.E.2d 50, our Supreme Court held that although plaintiff by tendering an instruction concerning contributory negligence could not object to submission of that issue to the jury, such instruction did not preclude a determination that the evidence was insufficient to prove plaintiff's contributory negligence.

In *Richardson v. Scroggham* (1974) 1st Dist., 159 Ind.App. 400, 307 N.E.2d 80, this court held that the defendant was entitled to contest punitive damages as excessive even though he did not object to the plaintiff's instruction which permitted an award of punitive damages.

The appellate court in *Richardson* very clearly delineated between a challenge to the instructions on damages and a challenge to the amount of those damages. More to the point, however, the First District considered and discussed defendants' argument that *no* punitive damages were appropriate despite the failure to object to the punitive damages instruction. To the same effect is *Harper v. Goodin* (1980) 1st Dist. Ind.App., 409 N.E.2d 1129, which held that determination of the sufficiency question as to punitive damages mooted an issue whether failure to object to the punitive damage instruction constituted waiver.

In short, we hold that Bud Wolf did not waive its argument upon sufficiency of the

evidence by tender of a punitive damage instruction.[1]

## ISSUE II

Robertsons next argue that the instructions as submitted to the jury allowed the jury to make its award of punitive damages. Robertsons do not dispute our earlier interpretation of the standard of proof which must be met before an award of punitive damages is proper. *See Bud Wolf Chevrolet, Inc., supra*, 496 N.E.2d at 776–777. Rather, Robertsons contend that this court applied a standard which, although correct, was not contained in the instructions given the jury and which therefore should not have been applied on appeal.

Instructions given without objection become the law of the case. *Poor Sisters of St. Francis Seraph of Perpetual Adoration, Inc. v. Catron* (1982) 2d Dist. Ind. App., 435 N.E.2d 305. The record does not indicate any objections made to the instructions received by the jury on punitive damages and the clear and convincing standard. Thus, the propriety of the jury's award of punitive damages must be measured against the standard established by the instructions, regardless whether the instructions provide a complete or correct statement of the law. *See Royer v. Pryor* (1981) 1st Dist. Ind.App., 427 N.E.2d 1112.

We find Robertsons' argument convincing. In our original opinion, we attempted to wrest the proper standard for awarding punitive damages from the general instructions given the jury. Upon re-examination of those instructions, we agree that the proper standard is simply not to be found therein. The instructions given the jury allowed it to award punitive damages if it found by clear and convincing evidence that Bud Wolf acted with malice, fraud, gross negligence or oppressiveness which was not the result of a mistake of fact or law, honest error of judgment, overzealousness, mere negligence or other human failing. The jury was instructed that the clear and convincing standard was a standard of proof greater than a preponderance of the evidence and less than proof beyond a reasonable doubt, and that the standard required the existence of a fact to be highly probable. Thus, all the jury needed to find in order to justify an award of punitive damages was that it was highly probable that Bud Wolf's actions were intentionally fraudulent. There was sufficient evidence to support the jury's award of punitive damages under these instructions.

While we believe the jury's award of punitive damages was proper given the nature of the instructions before it, we think it necessary to reiterate the appropriate standard for an award of punitive damages. The instructions given in this case were not so incorrect as to mandate reversal.[2] They simply did not go far enough.

---

1. We note that a determination of waiver here might constitute precedent which would place a party in a "catch 22" procedural situation. For example, assume Party A submits an instruction and Party B believes that the instruction is an incomplete statement of the law and that there is insufficient evidence to support an award if a proper instruction is applied. In order to preserve error regarding the incomplete instruction, Party B must object to the instruction and tender a complete instruction on the issue. *Thornton v. Pender* (1978) 268 Ind. 540, 377 N.E.2d 613. However, if we were to accept Robertsons' argument, Party B's preservation of error with regard to the instruction would constitute a waiver of Party B's argument with regard to the sufficiency of the evidence. We think the inequity of such a situation is apparent.

2. There is Indiana authority for the proposition that an award of punitive damages may be made upon a showing of "gross negligence." *See Town & Country Mutual Ins. Co. v. Hunter* (1984) 1st Dist.Ind.App., 472 N.E.2d 1265; *but see Orkin Exterminating Co., Inc. v. Traina* (1986) Ind., 486 N.E.2d 1019; *Miller Pipeline Corp. v. Broeker* (1984) 2d Dist.Ind.App., 460 N.E.2d 177, *reh. denied* 464 N.E.2d 12. We deem the term "gross negligence" to be inappropriate when used as a basis for punitive damages. As Professor Prosser wrote in describing conduct warranting imposition of punitive damages, "[T]here is general agreement that mere negligence is not enough, even though it is so extreme as to be characterized as 'gross,' an unhappy term of ill-defined content, which occasionally, in a few jurisdictions, has been stretched to include the element of conscious indifference to consequences, and so to justify punitive damages." Prosser, *Law of Torts* 10 (4th Ed., 1971).

Recently, this Court gave recognition to the inconsistency inherent in use of the term "negligence" with regard to a standard which focuses upon purposeful or willful conduct. *Koop v. Bailey*, (1986) 3d Dist.Ind.App., 502 N.E.2d 116.

The instructions did not tell the jury that the defendant was cloaked with a presumption of non-culpability or that the evidence had to exclude every reasonable hypothesis of innocent conduct. *Orkin Exterminating Co., Inc. v. Traina* (1986) Ind., 486 N.E.2d 1019. The instructions did not inform the jury that the clear and convincing standard is only slightly less stringent than the "reasonable doubt" standard, *id.*, nor did the instructions require the jury to find malice before awarding punitive damages. *Miller Pipeline Corp. v. Broeker* (1984) 2d Dist.Ind.App., 460 N.E.2d 177, *reh. denied* 464 N.E.2d 12. In short, the instructions neither disclosed nor implied the stringency of the standard to be met before awarding punitive damages. This unchallenged deficiency authorized the jury to award punitive damages. We may not now reverse that award by applying a standard different from that applied by the jury.

We recognize that our rehearing decision creates a conflict between this District and the Fourth District which decided *Martin Chevrolet Sales, Inc. v. Dover* (1986) 4th Dist.Ind.App., 501 N.E.2d 1122. That conflict is dramatized by the Fourth District's reliance upon our earlier decision in this case, and use of language taken almost verbatim from *Bud Wolf Chevrolet, Inc. v. Robertson, supra*, 496 N.E.2d at 777. The conflict is made even more pointed because no petition for rehearing was filed in *Martin Chevrolet Sales, Inc. v. Dover, supra*, and the Fourth District case may not now be directly challenged.

Be that as it may, we feel compelled by the circumstances of this case to alter our original position even though that change undercuts the rationale underlying *Martin Chevrolet Sales, Inc. v. Dover* while leaving it in place as a published decision of this court.

Our holding in our original opinion that the award of punitive damages was not supported by sufficient evidence made it unnecessary for us to consider Bud Wolf's argument that the punitive damages were excessive. Because we have concluded that the jury's award was supported by evidence, we must now consider whether the damages were excessive.

The factors to be considered in reviewing an award of punitive damages are the nature of the tort, the extent of actual damages and the economic status of the defendant. *Nate v. Galloway* (1980) 3d Dist. Ind.App., 408 N.E.2d 1317. Bud Wolf argues that there was no evidence of its wealth which would support the jury's award of $75,000. However, Robertsons did introduce Bud Wolf's tax returns for 1981 and 1982. The 1982 return indicated that Bud Wolf's total assets were $4.2 million.

Bud Wolf apparently takes the position that the economic status of a defendant may be shown only by profits or earnings. Appellant's Brief at 31. The cases cited for this proposition do not support it. Although in *Indiana & Michigan Electric Co. v. Stevenson* (1977) 1st Dist., 173 Ind. App. 329, 363 N.E.2d 1254, there was evidence of defendant's income and the amount of dividends paid, there was also evidence of the amount of total consolidated assets and the First District there stated that "economic wealth and income" must be considered. 363 N.E.2d at 1262. In *Jos. Schlitz Brewing Co. v. Central Beverage Co., Inc.* (1977) 1st Dist., 172 Ind.App. 81, 359 N.E.2d 566, although the evidence demonstrated the defendant's total annual profits, the court stated that "such factors as size and earning capacity of the wrongdoer should properly be considered." *Id.* at 105, 359 N.E.2d at 581. It is therefore apparent that profits, earnings, income and the like are not the sole determinants.

■ The evidence here, which reflected Bud Wolf's assets, was sufficient to support the jury's award of punitive damages, especially in light of the fact that Bud Wolf presented no evidence indicating that its assets had decreased or that the assets were substantially encumbered.

■ Bud Wolf also argues that the award of $75,000 in punitive damages when compensatory damages totaled only $3,500 demonstrates that the award was the result of passion and prejudice. It relies on *Hibschman Pontiac, Inc. v. Batchelor*

(1977) 266 Ind. 310, 362 N.E.2d 845, wherein a punitive damages award of $15,000 assessed in addition to $1,500 in compensatory damages was found to be excessive and reduced to $7,500. The court found that:

> "In the case at bar, although it was within the province of the jury to assess punitive damages, the amount in the case is so high as to violate the 'first blush' rule as set out in *City of Indianapolis v. Stokes* (1914) 182 Ind. 31, 105 N.E. 477:
>
> > 'Damages are not (to be) considered excessive unless at first blush they appear to be outrageous and excessive or it is apparent that some improper element was taken into account by the jury in determining the amount.' "
>
> *Hibschman Pontiac, supra,* 362 N.E.2d at 849.

While the *Hibschman* case is applicable, the "first blush" rule is not sufficiently definitive to be of assistance in this case. As Justice DeBruler noted in his concurring opinion in *Hibschman*, "The rule is vague and contains no objective standards for the evaluation of such awards in view of their purpose, the deterrence of tortious conduct, and the danger to be guarded against, awards motivated by vindictiveness and prejudice." *Id.* The "first blush" rule leaves determinations regarding the excessiveness of punitive damages subject to the purely subjective standards of appellate judges, leading to inconsistent decisions in this area of the law. We think it beyond argument that some judges are quicker to blush than others.

We prefer instead to rely upon the more objective standards set forth in other cases which have considered the issue—the nature of the tort, the extent of actual damages, and the economic wealth of the defendant. *Nate v. Galloway, supra,* 408 N.E.2d 1317; *Jos. Schlitz Brewing Co., supra,* 359 N.E.2d 566. We have already stated that there was sufficient evidence of the defendants' wealth to support the punitive damages award of $75,000. While the punitive damages were more than twenty times greater than the compensatory damages awarded, there is no rule that the

amount of punitive damages must be within a certain ratio to the compensatory damages. *Hibschman, supra,* 362 N.E.2d at 349. The purpose of punitive damages is to punish the wrongdoer and to deter others from similar conduct. *Miller Pipeline, supra,* 460 N.E.2d at 183. In order to effectuate that purpose it may at times be necessary to assess punitive damages greatly in excess of the actual damages suffered. Given the nature of Bud Wolf's conduct in this case and the evidence regarding Bud Wolf's assets, the punitive damages awarded by the jury were not excessive.

The jury's award of punitive damages is reinstated, and we modify our opinion of August 4, 1986, in conformity herewith.

SHIELDS, P.J., concurs in result as to Issue I and concurs as to Issue II.

BUCHANAN, J., concurs as to Issue I and dissents as to Issue II, and files a dissenting opinion as to Issue II.

BUCHANAN, Judge, concurring and dissenting.

Although I concur with the reaffirmation that Bud Wolf did not waive its right to object to the sufficiency of the evidence to support the award of punitive damages, I cannot agree that the evidence and instructions presented to the jury were so inadequate that we are now required to reverse our earlier decision regarding the $75,000 punitive damages award.

In *Travelers Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, our supreme court explained:

> "[P]unitive damages should not be allowable upon evidence that is merely consistent with the hypothesis of malice, fraud, gross negligence, or oppressiveness. Rather some evidence should be required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniguitous human failing."

*Id* at 362.

The jury in the present case certainly could have found Bud Wolf's conduct

fraudulent. However, the evidence was *not* inconsistent with a finding of an error in judgment, human failing, or negligence. The evidence simply does not evince the extreme conduct required of Bud Wolf both by the words of the instructions and by the Indiana Supreme Court. *See Orkin Exterminating Co. v. Traina* (1986), Ind., 486 N.E.2d 1019; *Travelers Indem. Co., supra.*

I fail to see how the absence of more elaborate instructions now requires us to change our earlier resolution that clear and convincing evidence of the requisite malice was absent in this case. In fact, the instructions given to the jury used nearly the same language as that employed in *Travelers Indem. Co., supra.*

> The jury was instructed:
> "If you find that George and Patsy Robertson are entitled to recover, then in addition to the actual damages to which you find them entitled, you may award an additional amount as punitive damages if you find by clear and convincing evidence that Bud Wolf Chevrolet, Inc., acted with malice, fraud, gross negligence or oppressiveness *which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing* in the sum as you believe will serve to punish the Defendant and to deter it and others from like conduct in the future."

*Record* at 113 (emphasis supplied) [hereinafter referred to as Punitive Damages Instruction]; *see Travelers Indemn. Co., supra.*

> The jury was also instructed:
> "Clear and convincing may be defined as an intermediate standard of proof greater than a preponderance of the evidence and less than proof beyond a reasonable doubt and requires the existence of a fact be highly probable."

*Record* at 106.

The majority now finds error in the failure of the instructions to emphasize the stringency of the clear and convincing standard and the defendant's presumed innocence. Yet, the jury *was* informed in sufficient detail of the high burden placed on the plaintiff to merit an award of punitive damages. Furthermore, the jury was explicitly instructed on what conduct it must *not* find if it were to render a verdict of punitive damages. *See* Punitive Damages Instruction, *supra.* In my opinion, the emphasized portion of the Punitive Damages Instruction essentially informed the jury of the defendant's presumed innocence. *Cf. Hanas v. Rasmussen* (1985), Ind.App., 484 N.E.2d 63, *trans. denied* (no error to refuse tendered instruction when trial court's given instructions cover substance of proffered instruction).

I still agree with the language in our previous opinion which concludes that, "[w]hile we do not condone Bud Wolf's conduct, we must say, as a matter of law, that the quasi-criminal element of malice was not demonstrated by evidence sufficient to meet the clear and convincing standard." *Bud Wolf Chevrolet, Inc. v. Robertson* (1986), Ind.App., 496 N.E.2d 771, 777.

Garden variety fraud should not result in punitive damages. *See Orkin Exterminating Co., supra; Travelers Indem. Co., supra; Miller Pipeline Corp. v. Broeker* (1984), Ind.App., 460 N.E.2d 177. The effect of the majority position is to allow punitive damages for fraud or "mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other such noniniquitous human failing." *Travelers Indem. Co., supra*, at 362.

In keeping with our supreme court's reluctance in awarding punitive damages when the evidence does not clearly justify such an extreme measure, I would deny the petition for rehearing. The judgment awarding punitive damages should be reversed.