**BUD WOLF CHEVROLET, INC.,**
**Appellant (Defendant Below),**

v.

**George and Patsy ROBERTSON,**
**Appellees (Plaintiffs Below).**

No. 49S02–8802–CV–202.

Supreme Court of Indiana.

Feb. 5, 1988.

Gregory L. Noland, Emswiller & Noland, Russell T. Clarke, Jr., Williams & Clarke Prof. Corp., Indianapolis, for appellant.

John A. Young, John D. Cochran, Jr., Young, Cochran & Reese, Indianapolis, for appellees.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

Plaintiffs-appellees George and Patsy Robertson (Robertsons) were awarded $3,500.00 in compensatory damages and $75,000.00 in punitive damages in the jury trial of their claims arising from their purchase of a Chevrolet truck from defendant-appellant Bud Wolf Chevrolet, Inc. (Bud Wolf). Upon appeal to the Court of Appeals, the compensatory damage award was affirmed and punitive damages, initial-

ly reversed, were reinstated upon rehearing. *Bud Wolf Chevrolet, Inc. v. Robertson* (1986), Ind.App., 496 N.E.2d 771, *modified on reh.*, (1987), Ind.App., 508 N.E.2d 567.

Among contentions presented by Bud Wolf in seeking transfer is the argument that the rehearing opinion of the Court of Appeals conflicts with *Martin Chevrolet Sales, Inc. v. Dover* (1986), Ind.App., 501 N.E.2d 1122. This inconsistency is expressly recognized in the Court of Appeals' opinion on rehearing. We grant transfer to address this conflict and provide clarification. Pursuant to Appellate Rule 11(B)(3) we affirm, adopt, and incorporate by reference the Court of Appeals' opinion herein except that portion discussing punitive damages, upon which issue we vacate the decision of the Court of Appeals and affirm the trial court.

Bud Wolf contends that the award of punitive damages is excessive and contrary to law. The evidence most favorable to the judgment discloses that on January 31, 1978, Robertsons purchased a 1978 Chevrolet truck from Bud Wolf for $10,548.75. Robertsons were told that the truck was a "new" truck with 850 miles on it because a salesman had driven it back and forth to work during the month. The Robertsons were not told that prior to the sale, the truck had been struck by another vehicle engaged in clearing the snow from the Bud Wolf lot, resulting in repairs including a replacement hood and windshield and application of great quantities of plastic filler under the truck's right side. The frame cross rail was bent and a quantity of "shims" was found to have been installed under the cab mount to realign the truck, which Robertsons alleged was a result of the pre-sale collision repair.

The Court of Appeals initially reversed the award of punitive damages because it found the evidence was insufficient to "permit a conclusion of malice," and that the "determinative issue was whether quasi-criminal malice has been proved." 496 N.E.2d at 777. On rehearing, this view of malice as a prerequisite to punitive damages was not revised, but the punitive damages were found to be in accord with jury instructions given without objection. We find such malice requirement to be inconsistent with a correct application of *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind., 486 N.E.2d 1019 and *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349.

The sole issue presented in *Traina*, an action arising in tort, was whether the evidence was sufficient to sustain punitive damages. Expressly conceding that punitive damages may be awarded upon a showing of willful and wanton misconduct, even absent malice, ill will or intent to injure, this Court declared that to affirm an award of punitive damages, the reviewing court must find that under the circumstances known, the defendant "subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences." *Traina*, 486 N.E.2d at 1023. *Traina* also extended to tort cases the "clear and convincing" rule which had been established in *Travelers*.

Cases recognizing that punitive damages may be awarded in contract actions are in substantial accord as to the obduracy required for such an award. In *Vernon Fire & Casualty Ins. Co v. Sharp* (1976), 264 Ind. 599, 608, 349 N.E.2d 173, 180, we recognized that punitive damages could be upheld in contract actions, "when it appears from the evidence as a whole that a serious wrong, tortious in nature, has been committed * * *," and "that the public interest will be served by the deterrent effect punitive damages will have upon future conduct of the wrongdoer and parties similarly situated." In *Hibschman Pontiac, Inc. v. Batchelor* (1977), 266 Ind. 310, 315, 362 N.E.2d 845, 848, we permitted an award of punitive damages upon sufficient proof of "elements of fraud, malice, gross negligence or oppression mingled into the breach of warranty." We subsequently acknowledged that punitive damages may be awarded in contract actions "whenever the elements of fraud, malice, gross negligence or oppression mingle in the controversy, and it can be shown that the public interest

will be served by the deterrent effect of the punitive damages." *Art Hill Ford, Inc. v. Callender* (1981), Ind., 423 N.E.2d 601, 602. When this Court in *Travelers* restricted the availability of punitive damages by adopting the "clear and convincing" standard of proof, we also imposed an additional requirement beyond the previously recognized alternative elements of obduracy. We stated that punitive damages in contract actions may be allowable upon evidence proving malice, fraud, gross negligence or oppressiveness if accompanied by further evidence "inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other noniniquitous human failing." *Travelers*, 442 N.E.2d at 362.

Therefore, in both tort and contract actions, while proof of malice may be relevant to show the obduracy necessary for punitive damages, the element of malice is a mere alternative, not an essential prerequisite, to obtain punitive damages.

While both *Traina* and *Travelers* emphasize the need for "clear and convincing" proof tending to approach the certainty required in criminal convictions, the standard of appellate review for sufficiency on the issue of punitive damages should impose neither greater judicial scrutiny nor lesser deference to jury determinations than in review of other sufficiency questions. In addressing the issue of sufficiency of evidence, we will affirm a judgment of punitive damages if, considering only the probative evidence and the reasonable inferences supporting it, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find such damages proven by clear and convincing evidence. *Cf. Case v. State* (1984), Ind., 458 N.E.2d 223.

■ In the present case, the jury could have found by clear and convincing evidence both (1) that Bud Wolf's conduct, even if not proven to be malicious, nevertheless constituted fraud, gross negligence or oppressiveness, and (2) that Bud Wolf's conduct was inconsistent with any contention of mistake of law or fact, honest error of judgment, overzealousness, mere negli-

gence, or other such noniniquitous human failing. In selling the vehicle to Robertsons, Bud Wolf misrepresented it as "new," concealing the prior collision and extensive repair work, and charged the price of a new vehicle, without negotiating a lower price based upon the damage. When the Robertsons discovered that the vehicle had been damaged before purchase, and brought it to Bud Wolf's attention, the dealer refused to make adjustment on grounds that the warranty had expired. Actions of employees and agents of a corporation, when done in the scope of their employment, are attributable to the corporation. *Hibschman Pontiac*, 266 Ind. at 315, 362 N.E.2d at 848. We agree with Robertson that public policy cannot condone a dealer taking a vehicle that has been extensively damaged, repair it so as to conceal the damage, and then sell it as new at full price with impunity. We find the evidence was sufficient.

■ In its opinion on rehearing, the Court of Appeals opined that the jury instruction, while "not so incorrect as to mandate reversal[,] ... simply did not go far enough." 508 N.E.2d at 570. The rehearing opinion then implied that punitive damages instructions should separately tell the jury that a defendant is cloaked with the presumption of non-culpability, that evidence had to exclude every reasonable hypothesis of innocent conduct, and that the jury must find malice before awarding punitive damages. We disagree.

The following punitive damage instructions were given to the jury:

If you find that George and Patsy Robertson are entitled to recover, then in addition to the actual damages to which you find them entitled, you may award an additional amount as punitive damages if you find by clear and convincing evidence that Bud Wolf Chevrolet, Inc., acted with malice, fraud, gross negligence or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing, in the sum as you believe will serve to punish the defendant and to

deter it and others from like conduct in the future.

Clear and convincing evidence may be defined as an intermediate standard of proof greater than a preponderance of the evidence and less than proof beyond a reasonable doubt and requires the existence of a fact be highly probable.

Notwithstanding observations contained in *Traina* dicta, 486 N.E.2d at 1024, we find that the above instructions were complete and sufficient to advise the jury with respect to punitive damages, and required no further elaboration. The jury was properly instructed upon the issue of punitive damages.

■ With respect to Bud Wolf's argument that punitive damages were excessive, we agree with the Court of Appeals' analysis and resulting conclusion that, given the nature of Bud Wolf's conduct in this case and the evidence regarding Bud Wolf's assets, the punitive damages awarded by the jury were not excessive.

Except as expressly adopted and incorporated by reference above, the original and rehearing opinions of the Court of Appeals are vacated, and the trial court judgment is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.