Richard D. KRUSZEWSKI and/or Lorraine Kruszewski, Appellants (Defendants Below),

v.

Michael KWASNESKI and Joyce Kwasneski, Appellees (Plaintiffs Below).

No. 71A03–8812–CV–365.

Court of Appeals of Indiana, Third District.

June 12, 1989.

Charles A. Sweeney, Jr., Sweeney, Pfeifer & Blackburn, South Bend, for appellants.

Kenneth L. Sheetz, South Bend, for appellees.

HOFFMAN, Judge.

Appellants Richard and Lorraine Kruszewski appeal a judgment in a breach of contract action in favor of Michael and Joyce Kwasneski. The facts indicate that the Kruszewskis sold the Kwasneskis a residence located on Peach Road in St. Joseph County. The agreement for the sale of real estate had the following provision:

"10. *Seller's Covenants*—The Seller covenants and warrants as follows:

&ast; &ast; &ast; &ast; &ast; &ast;

(b) There are no defects in the real estate, improvements, fixtures or other properties to be transferred to the Buyer under this Agreement of which the Seller has knowledge on the date of this Agreement."

After moving into the residence, the Kwasneskis found defects in the house and brought suit. Following a bench trial, the trial court awarded the Kwasneskis $5,000.00 in compensatory damages and $5,000.00 in punitive damages.

The Kruszewskis raise the following issues:

(1) whether the trial court erred in the award of compensatory damages;

(2) whether the trial court erred in awarding damages against Lorraine Kruszewski; and

(3) whether the trial court erred in the award of punitive damages.

The Kwasneskis concede that the trial court erred in the award of $5,000.00 in compensatory damages. The evidence revealed damages totaling $4,033.13 including replacement of the water well for $258.40, temporary repair of furnace for $22.50, installation of a new furnace for $950.00, replacement of the roof $1,732.23, repair of the basement stairs and adjoining wall for $1,070.00. The award of $5,000.00 was excessive when the evidence demonstrated damages of only $4,033.13.

The appellants argue that the trial court erred in the judgment against Lorraine Kwaszewski because she had no knowledge of the defects in the house. The appellants maintain that Lorraine made no representations about the condition of the residence.

Indiana recognizes a kind of agency relationship which is implied from the actions and circumstances of the parties. While marriage does not in itself create an agency relationship between spouses, the marital relationship is one of the facts and circumstances to be considered in determining the existence of an agency relationship. *Moehlenkamp v. Shatz* (1979), Ind.App., 396 N.E.2d 433, 436.

The evidence reflects that the Kruszewskis owned and lived in the home for 20 years before selling it to the Kwasneskis. Richard Kruszewski made the housing decisions and took care of all the home repairs. Richard and Lorraine signed the deed transferring ownership and the agreement to sell with the covenant of no defects. Both Kwazewskis had a monetary interest in the sale of the home and owned the real estate as tenants by the entirety. Sufficient evidence supports a reasonable inference that an implied agency relationship existed between the Kruszewskis. The trial court did not err in awarding compensatory damages against Lorraine Kruszewski.

The Kruszewskis argue that the trial court erred by awarding punitive damages.

Punitive damages are not compensatory in nature but are designed to punish the wrongdoer and to dissuade him and others from similar conduct in the future. They are awarded in addition to the awards for financial loss. When the question of

whether or not punitive damages should be given is considered, it must be done with the realization that the plaintiff has already been awarded all that he is entitled to receive as a matter of law. What, if anything, that is given in addition to compensatory damages is a windfall. In making that decision all thoughts of benefiting the injured party should be laid aside and the sole issues are whether or not the defendant's conduct was so obdurate that he should be punished for the benefit of the general public. *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind., 486 N.E.2d 1019, 1022.

■ In addressing the issue of sufficiency of evidence for punitive damages, the reviewing court will affirm a judgment of punitive damages if, considering only the probative evidence and the reasonable inferences supporting it, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find punitive damages proven by clear and convincing evidence. *Bud Wolf Chevrolet, Inc. v. Robertson* (1988), Ind., 519 N.E.2d 135, 147.

■ Without question, to allow punitive damages in addition to compensatory damages in a contract action is to follow the exception and not the general rule. This exception is restricted to those instances in which the evidence: (1) independently establishes the elements of a common-law tort, or (2) shows that a serious wrong, tortious in nature, has been committed in an instance in which the public interest would be served by the deterrent effect punitive damages would have upon the future conduct of the wrongdoer and parties similarly situated. *First Federal Sav. & Loan Ass'n v. Mudgett* (1979), Ind.App., 397 N.E.2d 1002, 1006.

■ Under the first basis of recovery there must be evidence to support a finding that the defendant committed an intentional tort independent of the breach of contract. The trial court awarded judgment on a breach of contract theory. The evidence falls short of constituting an independent tort of such a reprehensible nature as to justify imposition of punitive damages.

Under the second basis of recovery, punitive damages may be awarded in addition to compensatory damages whenever the elements of fraud, malice, gross negligence or oppression mingle in the controversy. *Hibschman Pontiac v. Batchelor* (1977), 266 Ind. 310, 314, 362 N.E.2d 845, 847. Punitive damages could be upheld in contract actions when the public interest will be served by the deterrent effect punitive damages will have upon future conduct of the wrongdoer and parties similarly situated. *Vernon Fire & Cas. Ins. Co. et al. v. Sharp* (1976), 264 Ind. 599, 608, 349 N.E.2d 173, 180.

The Kruszewskis lived in the home 20 years, had no problems with the house before sale and were not in the business of selling real estate. The Kruszewskis told the Kwasneskis about the weak stairs and that the water well, furnace and roof were in good order. The defects in the house were not observable with the naked eye. The Kruszewskis made the keys of the home available to the Kwasneskis before they moved in and did nothing to prevent the Kwasneskis from hiring a licensed home inspector to examine the home. The evidence most favorable to the plaintiffs demonstrates sufficient evidence to sustain an action for breach of contract. It does not rise to the sufficiency required for punitive damages. The defendants' conduct can be attributed more to mistake, honest error of judgment or overzealousness than to fraud, malice or oppression.

The compensatory damage award against Richard and Lorraine Kruszewski should be reduced from $5,000.00 to $4,033.13. The trial court's award of $5,000.00 in punitive damages was not proven by clear and convincing evidence and should be set aside.

This cause is remanded to the trial court with instructions to enter judgment accordingly.

Affirmed in part and reversed in part.

STATON and MILLER, JJ., concur.