**ERIE INSURANCE COMPANY,**
Appellant (Defendant
Below),

v.

**Ramona HICKMAN, by her next friend, Nancy SMITH, and NANCY SMITH, individually Appellee (Plaintiff Below).**

No. 29S02–9212–CV–1043.

Supreme Court of Indiana.

Dec. 31, 1992.

Robert A. Smith, Michael P. Bishop, Bishop Smith & Bishop, Indianapolis, for appellant.

Max D. Rynearson, Rynearson & Associates, Indianapolis, for appellee.

DICKSON, Justice.

When defendant-appellant Erie Insurance Company denied the uninsured motorist coverage claims of plaintiffs-appellees Nancy Smith and her daughter Ramona Hickman for damages resulting from an intersection accident, the plaintiffs brought suit and, after jury trial, received judgment for compensatory damages totalling $2,150.72 and punitive damages of $11,000. Erie appealed, claiming the award of punitive damages was not supported by sufficient evidence. The Court of Appeals agreed, reversing the judgment of the trial court. *Erie Ins. Co. v. Hickman* (1991), Ind.App., 580 N.E.2d 320. The decision of the Court of Appeals reflects a misunderstanding of the decision of this Court in *Bud Wolf Chevrolet Inc. v. Robertson* (1988), Ind., 519 N.E.2d 135, regarding the elements of punitive damages and the applicable standard of appellate review. For this reason, we grant transfer.

In *Bud Wolf,* we stated:
[T]he standard of appellate review for sufficiency on the issue of punitive damages should impose neither greater judi-

cial scrutiny nor lesser deference to jury determinations than in review of other sufficiency questions. In addressing the issue of sufficiency of evidence, we will affirm a judgment of punitive damages if, considering only the probative evidence and the reasonable inferences supporting it, without reweighing evidence or assessing witness credibility, a reasonable trier of fact could find such damages proven by clear and convincing evidence.

*Id.* at 137. Our opinion in *Bud Wolf* further expressly rejected the contention that a punitive damage defendant is cloaked with a presumption of non-culpability and that the evidence had to exclude every reasonable hypothesis of innocent conduct. *Id.* Notwithstanding observations supporting such contentions found in dicta from *Orkin Exterminating Co., Inc. v. Traina* (1986), Ind. 486 N.E.2d 1019, 1024, we specifically approved the following punitive damage instruction omitting these elements:

> If you find that George and Patsy Robertson are entitled to recover, then in addition to the actual damages to which you find them entitled, you may award an additional amount as punitive damages if you find by clear and convincing evidence that Bud Wolf Chevrolet, Inc. acted with malice, fraud, gross negligence or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing, in the sum as you believe will serve to punish the defendant and to deter it and others from like conduct in the future. Clear and convincing evidence may be defined as an intermediate standard of proof greater than a preponderance of the evidence and less than proof beyond a reasonable doubt and requires the existence of a fact be highly probable.

*Id.* at 137–138. We declared that these instructions were "complete and sufficient to advise the jury with respect to punitive damages, and required no further elaboration." *Id.* at 138.

In contrast, the Court of Appeals opinion in the present case reverses the trial court,

applying the repudiated *Orkin* dicta, finding the evidence insufficient by applying a presumption that Erie's actions were cloaked with a presumption of non-culpability and because the evidence supports conflicting inferences. *Erie Ins. Co.,* 580 N.E.2d at 323. The court erroneously imposed a requirement that "there must be *further* evidence inconsistent with the inference that the conduct was the result of some non-iniquitous human failing." *Id.* (emphasis in original). The Court of Appeals was incorrect in its conclusion that "while the evidence against Erie could perhaps establish fraudulent, or some other iniquitous intent, it is not *also* inconsistent with a hypothesis of honest, human error." *Id.* at 324 (emphasis in original). Since our decision in *Bud Wolf,* such additional evidence inconsistent with honest human error is not required.

Transfer is granted, this cause is remanded to the Court of Appeals for reconsideration in accordance with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.