**ERIE INSURANCE COMPANY,
Appellant–Defendant,**

v.

**Ramona HICKMAN, by her next friend,
Nancy SMITH, and Nancy Smith,
Individually, Appellees–Plaintiffs.**

No. 29A02–9006–CV–318.

Court of Appeals of Indiana,
Second District.

March 15, 1993.

Rehearing Denied April 26, 1993.

Robert A. Smith, Michael P. Bishop, Bishop Smith & Bishop, Indianapolis, for appellant-defendant.

Max D. Rynearson, Rynearson & Associates, Indianapolis, for appellees-plaintiffs.

FRIEDLANDER, Judge.

### CASE SUMMARY

Defendant-appellant Erie Insurance Company (Erie) appeals the award of punitive damages to plaintiffs-appellees Ramona Hickman (Ramona) and Nancy Smith (Smith) [collectively referred to as Appellees].

We reverse.

### FACTS

This case returns to us on remand from the Supreme Court. In our original decision, *Erie Ins. Co. v. Hickman* (1991), Ind. App., 580 N.E.2d 320, *trans. granted* (1992) Ind., 605 N.E.2d 161, we reversed the award of punitive damages in favor of the Appellees. On transfer, the Supreme Court concluded that we had misinterpreted its decision in *Bud Wolf Chevrolet, Inc. v. Robertson* (1988), Ind., 519 N.E.2d 135, and remanded the matter to us for reconsideration.

### ISSUE

Whether the award of punitive damages was supported by sufficient evidence?

### DECISION

PARTIES' CONTENTIONS—Erie argues that its conduct was not sufficiently egregious to warrant the imposition of punitive damages. The Appellees reply that the evidence demonstrates Erie acted in bad faith and that the jury correctly granted punitive damages.

CONCLUSION—The award of punitive damages was improper.

In *Miller Brewing Co. v. Best Beers of Bloomington, Inc.* (1993), Ind., 608 N.E.2d 975, the Supreme Court revisited the issue

of punitive damages in a breach of contract case. The Court concluded "that in order to recover punitive damages in a lawsuit founded upon a breach of contract, the plaintiff must plead and prove the existence of an independent tort of the kind for which Indiana law recognizes that punitive damages may be awarded." *Id.* at 984.

The Appellees' suit against Erie was based on their claim that Erie breached its insurance contract with Smith, and their punitive damages claim was based on Erie's handling of their insurance claim. The Appellees cited evidence that Erie did not cooperate with Smith and delayed action during the arbitration of Smith's claim to support their award of punitive damages.

Even if we accepted the Appellees' contentions that the record demonstrates Erie acted in bad faith, like the Supreme Court in *Miller*, we cannot conclude that the evidence is sufficient to establish that Erie committed an independent tort upon which punitive damages could be awarded.

Because the Appellees did not plead and prove the existence of an independent tort, we must conclude that the evidence is insufficient to sustain the award of punitive damages. *See Miller, supra.*

Judgment reversed and remanded for further proceedings consistent herewith.

SHIELDS and STATON, JJ., concur.