Gloria **NELSON**, Appellant–Plaintiff,

v.

**Dewey J. JIMISON and Meridian Mutual Insurance Company,** Appellees–Defendants.

No. 73A01–9309–CV–288.

Court of Appeals of Indiana, First District.

May 4, 1994.

---

G. Ronald Heath, David R. Day, Johnson, Smith, Densborn, Wright & Heath, Indianap-

olis, David A. Nunery, Campbellsville, for appellant.

Donald L. Dawson, Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, for appellees.

ROBERTSON, Judge.

 Gloria Nelson appeals the summary judgment entered against her on her claim for punitive damages against the Meridian Mutual Insurance Company for the tortious breach of Meridian Mutual's duty to deal with Nelson in good faith. At the time the trial court entered summary judgment against Nelson, Indiana law did not recognize the present cause of action and thus, the trial court's entry of summary judgment was appropriate. However, during the pendency of this appeal, our supreme court expanded Indiana law to recognize the present cause of action in *Erie Insurance Company v. Hickman by Smith* (1993), Ind., 622 N.E.2d 515. Nevertheless, Meridian Mutual argues the trial court's entry of summary judgment may be affirmed on an alternative basis. Thus, the issue before us on appeal is entirely different than the issue before the trial court.[1] Restated it is:

> whether Nelson has established the existence of evidence from which a reasonable jury could find, under the clear and convincing evidence standard, that Meridian Mutual acted with the malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing as required to support an award of punitive damages?

We reverse.

## FACTS

The facts in the light most favorable to nonmovant Nelson indicate that on July 8, 1987, Nelson was riding in a car driven by her husband, Ronald, when Defendant Dewey J. Jimison, an uninsured motorist, ran a stop sign and collided with the Nelsons' car. Ronald was killed instantly. Plaintiff–Appellant Gloria Nelson suffered a broken leg and rib, contusions to her heart and lung, lacerations on her arm and multiple hematomas of the face, jaw, and neck. The broken leg caused a 10% permanent impairment of its use.

At the time, the Nelsons were insured by Meridian Mutual under an automobile insurance policy that included uninsured motorist coverage with liability limits of $50,000.00 per person and $100,000.00 per occurrence. Meridian Mutual paid the policy limits, $50,000.00, to Ronald's estate. However, Meridian Mutual disputed the value of Gloria's claim and initially refused to pay her the policy limits of $50,000.00.

Meridian Mutual's claim adjuster, Shirley Woodrum, initially valued Nelson's claim in excess of $50,000.00. However, Woodrum's superiors disagreed and valued Nelson's claim at a substantially lesser amount. Nelson's attorney repeatedly contacted Meridian Mutual, providing legal and factual information in support of Nelson's contention that her damages exceeded the $50,000.00 policy limit.

On July 6, 1989, Nelson filed the present lawsuit. Extensive discovery has taken place regarding the issue of Meridian Mutual's handling of Nelson's claim. Meridian Mutual was unable to comply with certain discovery requests because it had lost some of the documents and files related to Nelson's case. Nelson obtained the opinion of an attorney who opined that Nelson's claim was clearly

---

1. Ordinarily, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's entry of summary judgment was erroneous. *Ind. Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313. In the present case, the trial court expressly (and correctly) relied upon our decision in *Erie Insurance Co. v. Hickman by Smith* (1993), Ind.App., 610 N.E.2d 283, in awarding summary judgment in favor of Meridian Mutual. However, as noted above, our *Erie* decision has been vacated by our supreme court and Indiana now recognizes a cause of action for the tortious breach of an insurer's duty to deal with its insured in good faith. *Erie*, 622 N.E.2d 515. The law upon which the trial court relied was changed. Therefore, on appeal, the trial court's entry of summary judgment has been stripped of any presumption in favor of its correctness and our review of Meridian Mutual's claim of entitlement to summary judgment is, in effect, a de novo review. *See generally*, *Henrichs v. Pivarnik* (1992), Ind.App., 588 N.E.2d 537, 543.

worth in excess of $50,000.00 and that Meridian Mutual failed to properly evaluate or investigate Nelson's claim. Additionally, Nelson obtained the affidavit of an expert in the area of claims evaluation who opined that Meridian Mutual denied Nelson's claim when it knew or should have known that it had no legitimate basis for this denial.

Ultimately, in March of 1992, Meridian Mutual did pay Nelson the policy limits of $50,000.00, conceding that the value of her claim exceeded the $50,000.00 policy limit. This appeal relates only to Nelson's claim for punitive damages in her lawsuit against Meridian Mutual for its alleged tortious breach of its duty to exercise good faith in the handling of Nelson's claim.

## DECISION

On appeal from the grant or denial of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having her day in court. *Id.*

Indiana Trial Rule 56(C) provides that, at the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. *Id.* No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. T.R. 56(H).

Summary judgment must be denied if the resolution hinges upon state of mind, credibility of the witnesses, or the weight of the testimony. *Richter v. Klink Trucking, Inc.* (1992), Ind.App., 599 N.E.2d 223, *trans. denied.* Mere improbability of recovery at trial does not justify the entry of summary judgment against the plaintiff. *Id.* On a motion for summary judgment, the evidence must be construed in favor of the nonmovant, and any doubt about the existence of a genuine issue of material fact must be resolved against the moving party. *Wright v. Carter* (1993), Ind.App., 609 N.E.2d 1188.

The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from making an unfounded refusal to pay policy proceeds, causing an unfounded delay in making payment, deceiving the insured, or exercising any unfair advantage to pressure the insured into settlement of his claim. *Erie*, 622 N.E.2d 515. The insurer does not necessarily breach its duty of good faith every time it erroneously denies an insurance claim; a good faith dispute about the amount of a claim will not supply the basis for recovery under the theory that the insurer tortiously breached its duty to exercise good faith with respect to its insured. *Id.*

Moreover, even if the jury determines that the insurer committed a tortious breach of its duty to exercise good faith, the right of the insured to punitive damages is not automatic. *Id.* Punitive damages may be awarded only if there is clear and convincing evidence that the insurer acted with malice, fraud, gross negligence, or oppressiveness which was not the result of mistake of fact or law, honest error of judgment, overzealousness, mere negligence, or other human failing. *Id.*

In the present case, Meridian Mutual ultimately conceded that Nelson's claim was worth in excess of $50,000.00 and paid the claim almost five years after the accident. Nelson has resisted summary judgment with two expert opinions to the effect that there was no reasonable basis for Meridian Mutu-

al's dispute of the value of Nelson's claim and the delay made in payment. Nelson has established that Meridian Mutual lost important documents from her file. Finally, Nelson has shown that her attorney made repeated efforts to convince Meridian Mutual of the value of her claim.

On appeal, Meridian Mutual argues that its dispute of the value of Nelson's claim was in good faith. Meridian Mutual offers various reasonable explanations for disputing the claim and the long delay in the payment that resulted from this dispute. However, whether these explanations are reasonable or not depends upon matters that the jury must decide, including witness credibility. *Richter*, 599 N.E.2d 223. Similarly, whether Nelson can establish her entitlement to punitive damages by clear and convincing evidence depends, not only upon an evaluation of witness credibility, but also an evaluation of the weight to be given the evidence, also a question for the jury. *Bud Wolf Chevrolet, Inc. v. Robertson* (1988), Ind., 519 N.E.2d 135, 137.

Nelson was improperly denied her day in court. Therefore, we reverse and remand for trial.

Judgment reversed.

NAJAM and BARTEAU JJ., concur.