**CENTURY BUILDING PARTNERSHIP, L.P., Appellant–Defendant,**

v.

**Eric SerVAAS, Appellee–Plaintiff.**

**No. 49A02–9711–CV–750.**

Court of Appeals of Indiana.

Aug. 10, 1998.

in that he would have to inspect the car, even while passing, to determine that she was indeed violating Ind.Code 9–19–10–2.

Steven K. Huffer, Huffer & Weathers, Indianapolis, for Appellant–Defendant.

John L. Egloff, Michael Patrick Dugan, Riley Bennett & Egloff, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Century Building Partnership, L.P. ("Landlord") brings this interlocutory appeal of the denial of its motion for summary judgment in the action brought by Appellee–Plaintiff Eric SerVaas ("SerVaas") seeking reimbursement of funds that SerVaas alleges he had overpaid Landlord on SerVaas' obligation as the guarantor of a lease. Landlord also appeals the denial of its motion for summary judgment on its counterclaim alleging that SerVaas owed additional monies under the guarantee agreement. We affirm.

### Issues

Landlord raises two issues which we restate and consolidate as whether the trial court erred in determining that genuine issues of material fact precluded the entry of summary judgment in favor of Landlord on either 1) SerVaas' claim for reimbursement of monies allegedly overpaid, or 2) Landlord's claim that SerVaas owed Landlord additional monies.

### Facts/Procedural History

The designated evidence most favorable to the nonmovant SerVaas reveals that, in 1983, the City Taproom, Inc., of which SerVaas was president, rented space in Landlord's building under the terms of a written lease in order to operate a tavern known as the City Taproom. SerVaas signed the lease as president of City Taproom, Inc. The lease was for a term of 15½ years. SerVaas executed a personal guarantee which required him to make the rental payments in the event the lease terminated due to tenant's default before the term of the lease expired. However, SerVaas' liability under the guarantee was limited to six months of rental payments.

City Taproom, Inc. was administratively dissolved on August 5, 1993. The tavern closed its doors in July of 1994. The rental payments under the lease had been made by another SerVaas corporation until April of 1994. On June 23, 1994, Landlord notified

SerVaas that the lease was in default for the failure to make the May and June rental payments. In the letter, Landlord warned that unless payment was made the lease would terminate on July 25, 1994. At this point, SerVaas was under the impression that his obligation as guarantor of the lease had been triggered. On July 25, 1994, SerVaas made the delinquent rental payments from his personal checking account. SerVaas' counsel turned a set of keys to the premises over to Landlord on August 26, 1994.

SerVaas continued to make the rental payments, which varied between approximately $4,500.00 and $9,200.00 per month, through June of 1995.[1] During this period, SerVaas attempted to mitigate his damages by trying to find another business to take over the lease. A letter from SerVaas' counsel to another restaurant operator inquiring whether he might be interested in taking over the lease obligations stated that the rent was presently being paid "by Eric SerVaas, personally, as the guarantor." SerVaas claims that Landlord failed to cooperate with his efforts to find another tenant for the property and thus, thwarted his attempts to mitigate his damages.

SerVaas asserted in his affidavit submitted in opposition to summary judgment that he had made Landlord aware that the payments were made in SerVaas' capacity as guarantor, and not as lessor. Landlord continued to provide building services for the vacant premises throughout this period.

SerVaas brought the present lawsuit alleging that he had overpaid his six month obligation to make payments as guarantor and, therefore is entitled to reimbursement from Landlord in the amount of $37,556.90. Landlord denied the allegations and filed a counterclaim asserting that SerVaas made the payments as rent under the lease, that none of the payments satisfied SerVaas' obligation as guarantor; and thus, SerVaas remains liable for the full amount of the guarantee, at least $28,357.62 plus attorney fees.

Landlord moved for summary judgment on SerVaas' claim and its counterclaim. Ulti-

mately, the trial court denied both motions. The orders were certified for interlocutory appeal.

## Discussion and Decision

The interpretation of the guaranty and lease agreements are not materially disputed. Instead, the present dispute centers on the appropriate characterization of the payments made by SerVaas to Landlord. As noted above, SerVaas argues that he made the payments as the guarantor of the lease and, therefore, is entitled to reimbursement for the amounts paid in excess of the six-month guaranty obligation. Landlord argues that SerVaas' obligation to make the rental payments as guarantor could only be triggered upon the termination of the lease, that SerVaas' payments were for rent which had cured any default of the lease; and accordingly, the lease never terminated and SerVaas' six-month guaranty obligation has not been satisfied.

### Standard of Review

■ As stated in *Stevenson v. Hamilton Mutual Insurance Company*, 672 N.E.2d 467 (Ind.Ct.App.1996), *trans. denied:*

In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's

1. Although it is not entirely clear from the record, it has been suggested that SerVaas made the overpayments under the misapprehension that he had signed an unlimited guarantee. (Appellant's brief at 2).

grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred.

672 N.E.2d at 470–71 (citations omitted). As noted in *Nelson v. Jimison*, 634 N.E.2d 509 (Ind.Ct.App.1994):

Summary judgment must be denied if the resolution hinges upon state of mind, credibility of the witnesses, or the weight of the testimony. Mere improbability of recovery at trial does not justify the entry of summary judgment against the plaintiff. On a motion for summary judgment, the evidence must be construed in favor of the nonmovant, and any doubt about the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.* at 512 (citations omitted).

### Restitution

■ The right to restitution is founded on the theory of unjust enrichment. *St. Mary's Medical Center v. United Farm Bureau Family Life*, 624 N.E.2d 939, 941 (Ind. Ct.App.1993); RESTATEMENT OF RESTITUTION § 1 (1937). Where a party pays money to another party under a mistake of fact that a contract or other obligation required such payment, the payor is entitled to restitution. *St. Mary's*, 624 N.E.2d at 941; *Monroe Financial Corporation v. DiSilvestro*, 529 N.E.2d 379, 383 (Ind.Ct.App.1988), *trans. denied*; RESTATEMENT OF RESTITUTION § 18 (1937). Similarly, a party who has paid another an excessive amount of money because of an erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty is also entitled to restitution. *Best v. Best*, 470 N.E.2d 84, 88 (Ind.Ct.App.1984); RESTATEMENT OF RESTITUTION § 18 (1937). Moreover, as a general rule, money paid under a mistake of fact may be recovered when it would not otherwise have been paid, even though the party paying it may have been careless and had failed to employ the means of knowledge which would have disclosed the mistake. *Monroe*, 529 N.E.2d at 383. In the event of a mistaken overperformance of an undisputed obligation, it is immaterial whether the overpayment was the product of carelessness or whether the mistake is on one side only or is shared by the recipient. GRAHAM DOUTHWAITE, ATTORNEY'S GUIDE TO RESTITUTION § 2.4, at 63 (1977).

■ However, as asserted by Landlord, no restitution is required where the payee is an innocent third party creditor who accepted the payments in exchange for value rendered and who neither had notice of the payor's mistake nor made any misrepresentations to induce the payment. *St. Mary's*, 624 N.E.2d at 942; RESTATEMENT OF RESTITUTION § 20 (1937). Landlord asserts that it received SerVaas' payments in good faith and without knowledge of SerVaas' misapprehension that the payments were made under the guarantee agreement and not for rent. Landlord reasons that, because SerVaas received the continued right to possession of the leased premises in exchange for the payments, no reimbursement is required.

■ In the present case, genuine issues of material fact exist regarding whether Landlord had knowledge that SerVaas made the payments with the intention that they were in satisfaction of his guaranty obligation. SerVaas submitted an affidavit to the effect that representatives of Landlord had such knowledge. Moreover, regardless of whether closing the tavern, tendering the keys, and other conduct on the part of the tenant constituted an effective surrender of the premises which terminated the lease, a reasonable jury could nevertheless conclude that, at that point, SerVaas no longer intended to pay rent to keep the premises available, but instead was making the payments under the impression that he was obligated to make them under the guaranty.

The resolution of this case hinges upon factual issues involving state of mind, credibility of the witnesses, and the weight of the testimony. Accordingly, we must conclude that Landlord has failed to rebut the presumption that the trial court's rulings on the motions for summary judgment were correct. Therefore, we find no error.

Affirmed.

NAJAM and RILEY, JJ., concur.