In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1853

Tamara Purnick,

Plaintiff-Appellant,

v.

C.R. England, Inc. and David P. Belgrade,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:99-CV-69-RL-2--Rudy Lozano, Judge.

Argued September 28, 2001--Decided October 19, 2001


   Before Flaum, Chief Judge, and Bauer and
Evans, Circuit Judges.

   Flaum, Chief Judge.  Plaintiff Tamara
Purnick appeals the district court's
grant of summary judgment in favor of the
defendants on her punitive damages claim.
For the reasons stated herein, we affirm.

I.  Background

   Just before midnight on July 24, 1999,
David Belgrade, a commercial driver for
C.R. England, Inc., rear-ended Tamara
Purnick's car while driving a tractor-
trailer in the course of his employment.
Under federal regulations, a commercial
driver may spend no more than ten hours
on continuous duty. Belgrade, although
approaching the tenth hour of his trip,
had not surpassed this limit when he hit
Purnick's car. The tractor-trailer was
equipped with a global positioning
satellite system ("Qualcomm") that
tracked the truck's movement. Although
the Qualcomm showed that Belgrade's truck
had not moved for seventeen hours prior
to the beginning of the trip that ended
in the crash, Purnick's expert witness at
trial analyzed the data and found that
Belgrade had intentionally falsified his
written logs, indicating that he drove
beyond the ten-hour limit several times
during the week preceding the crash.

Belgrade admitted that when he hit Purnick's car, he was "mesmerized" by the road, did not brake until after impact, and could not recall when he first saw the vehicle. Purnick filed a complaint for compensatory and punitive damages in Indiana state court on February 4, 1999. Defendants removed the case to the Northern District of Indiana on the basis of diversity jurisdiction. Defendants admitted their liability for negligence, and the parties settled Purnick's compensatory damages claim. On June 9, 2000, defendants filed a motion for summary judgment on the issue of punitive damages. The district court granted that motion and dismissed the remainder of the case. Purnick now appeals that grant of summary judgment.

II.  Discussion

   We review the district court's grant of summary judgment de novo, construing all of the facts and reasonable inferences that can be drawn from those facts in favor of the nonmoving party. See Central States, Southeast & Southwest Areas Pension Fund v. Fulkerson, 238 F.3d 891, 894 (7th Cir. 2001). A grant of summary judgment is appropriate if the pleadings, affidavits, and other supporting materials leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

   Under Indiana law, a plaintiff may recover punitive damages only if he can show by clear and convincing evidence that the defendant engaged in conscious and intentional misconduct that he knew would probably result in injury. Dow Chem. Co. v. Ebling, 723 N.E. 2d 881, 909 (Ind. Ct. App. 2000); see Wanke v. Lynn's Transp. Co., 836 F. Supp. 587 (N.D. Ind. 1993) (citing similar standard). Purnick fails to meet this standard.
   Purnick argues that Belgrade's intentional falsification of log books and habitual deprivation of sleep the week before the crash culminated in his dangerous fatigue at the time of the crash. These acts of intentional misconduct, Purnick contends, should give rise to punitive damages. The punitive damages standard in Indiana, however, presents a high hurdle that Purnick does not clear. Even assuming that Purnick has shown that Belgrade falsified his logs,

drove beyond the ten-hour limit several times in the week preceding the crash, and was fatigued when he hit her car, she presents no evidence that Belgrade actually knew that his misconduct would probably result in injury.

It is arguable, though far from clear, that a reasonable person would know that driving beyond the ten-hour limit several times a few days before a trip could lead to a level of fatigue that would probably result in injury. What a reasonable person would know is not the test for punitive damages in Indiana, however. Wanke, 836 F. Supp. at 599 ("Mere negligence will not support an award of punitive damages in actions arising in tort; failing to act as a reasonable person would have acted does not constitute the kind of conduct punishable by punitive damages under Indiana law."). Purnick simply cannot show that Belgrade actually knew that he was so tired that continuing to drive would likely cause injury; in fact, the Qualcomm shows that he did not drive for the seventeen hours before the trip that ended in the crash-- evidence that tends to show that Belgrade likely thought he was rested.

The fact that Belgrade intentionally falsified log books, by itself, does not support the grant of punitive damages. It simply is not misconduct that would probably result in injury or that actually caused the injury. The log violations, even when construed in the light most favorable to Purnick, are merely evidence that Belgrade drove beyond the ten-hour limit earlier in the week and, therefore, may have been tired when he hit Purnick's car. They do not show Belgrade's knowledge that an accident would probably occur, however. The fact that Belgrade intentionally lied, even if correct, is beside the point; it does not evidence his intention to consciously behave in a way likely to cause injury. Purnick's conclusory claim that Belgrade intentionally and systematically caused himself to become fatigued, and that he was aware that driving in this state would likely cause injury, is unavailing. She presents no evidence of the amount of sleep Belgrade actually got the days prior to the crash. Her only support for the contention--that he drove beyond the ten-hour limit on several occasions before the accident--is

weak.

Purnick argues that the district court applied the wrong standard in requiring clear and convincing evidence of proximate cause, and that Belgrade conceded cause when he admitted to his negligence. This contention fails, however, because she presents no valid evidence that any intentional misconduct that Belgrade knew could result in injury proximately caused the crash; by admitting that his negligent driving caused the accident, Belgrade did not concede that his excessive driving, sleep deprivation, or even fatigue was the cause. Also, Purnick does not even attempt to show that Belgrade knew that his actions would probably cause harm. See Burke v. Maasen, 904 F.2d 178, 183 (3d Cir. 1990) (evidence that defendant violated the ten-hour driving limit does not show that he "consciously appreciated the risk of fatigue and the potential for fatal accidents that accompanies driving for more than ten hours" under the Pennsylvania punitive damage standard, which is nearly identical to that of Indiana). Belgrade had taken seventeen hours off before beginning his July 24 trip; there is no evidence that he knew that driving in his condition would probably cause harm to Purnick or to anyone else. A court will impose punitive damages under Indiana law if a defendant "knew of, but consciously disregarded, the likely injurious consequences of his course of conduct." Wanke, 836 F. Supp. at 600. Purnick does not present evidence to meet this standard.

III.  Conclusion

Punitive damages may be awarded "only upon a showing by clear and convincing evidence that the defendants subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences." Id. at 599 (quoting Bud Wolf Chevrolet v. Robertson, 519 N.E. 2d 135, 137 (Ind. 1988)). Purnick does not make such a showing. For the reasons stated herein, the judgment of the district court is AFFIRMED.