WORMAN ENTERPRISES, INC., Appellant–Defendant,

v.

THE BOONE COUNTY SOLID WASTE MANAGEMENT DISTRICT, Appellee–Plaintiff.

No. 06A01–0206–CV–202.

Court of Appeals of Indiana.

Feb. 14, 2003.

**354**

Mark R. Waterfill, Cynthia M. Kirk, Dann Pecar Newman & Kleiman, P.C., Indianapolis, IN, Attorneys for Appellant.

Larry J. Kane, Katherine L. Shelby, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

The Boone County Solid Waste Management District (District) petitions for rehearing of our opinion in *Worman Enterprises, Inc. v. Boone County Solid Waste Management District*, 779 N.E.2d 565 (Ind.Ct.App.2002), and asks us to vacate our earlier opinion and affirm the entry of summary judgment in favor of the District and against Worman Enterprises, Inc. (Worman) on all counts. We grant the District's petition for rehearing for the limited purpose of clarifying our earlier ruling and reaffirm our opinion.

In our earlier opinion, we held, in part, that there is a genuine issue of material fact as to whether it was prejudicial error for the District's Board (Board) to receive *ex parte* evidence during the application process for a permit regulating Worman's long-term clean fill processing and organic recycling facility. We provided that:

> in determining whether the receipt of *ex parte* evidence by an administrative authority was prejudicial error, we apply a three-prong test: (1) did the administrative authority exercise a function of an adjudicatory nature; (2) did the administrative authority fail to make known and available the *ex parte* evidence to the affected party and allow that party the opportunity to rebut the evidence; and (3) did the administrative authority base its findings or decision on that *ex parte* evidence. If an administrative authority received *ex parte* evidence and all three prongs of the test are answered in the affirmative, then the receipt of the *ex parte* evidence will be prejudicial error.

779 N.E.2d at 573–74 (citations omitted).

In this case there was undisputed evidence that Board members Wendella Brant, Richard Crane, and Kay Geisler received numerous *ex parte* communications during the Worman permit application process. After finding that there was undisputed evidence that members of the Board received *ex parte* communications during the permit application process, we applied the three-prong test to determine whether the receipt of that *ex parte* evidence was prejudicial error. As to the first prong, we determined that the Board

exercised its adjudicatory function when it issued the permit to Worman; however, we concluded that the two remaining parts of the test revealed genuine issues of material fact that precluded summary judgment.

The District now asserts that our analysis in resolving the third prong of the three-part test—did the administrative authority base its findings or decision on that *ex parte* evidence—created an insurmountable barrier to all summary judgments and runs contrary to Indiana Trial Rule 56. In concluding that there was a genuine issue of material fact that precluded summary judgment as to third prong of the test, we found:

> As to the last prong of the test, Brant testified during her deposition that the calls and comments she received did not influence her views on the Worman permit. Appellant's App. p. 750. In affidavits, Geisler and Crane affirmed that *ex parte* evidence was not the basis for their decision on Worman's permit. Appellee's App. p. 3, 5–6. While these assertions if deemed credible would establish that no prejudicial error resulted from the Board member's receipt of *ex parte* evidence, summary judgment must be denied if the resolution hinges upon state of mind, credibility of the witnesses, or the weight of the testimony. *Century Bldg. P'ship, L.P. v. SerVaas,* 697 N.E.2d 971, 974 (Ind.Ct.App.1998).

779 N.E.2d at 575. The District argues that this conclusion is in error because we did not explain how an issue of witness credibility exists in this case and what admissible evidence Worman submitted to create a genuine issue of material fact concerning the Board members' assertions that they did not rely on the *ex parte* communications as the basis for their decision. The District asserts that our opinion appears to assume the Board members'

credibility is an issue of fact based solely on Worman's argument that self-serving evidence is unreliable.

 We concede that our analysis as to the third prong was not as clear as it could have been. Our opinion should not be read to provide that a motion for summary judgment can be defeated by merely alleging that there is a genuine issue of material fact because an affidavit from the moving party should not be believed; instead, the non-moving party "must respond by affidavit or by other appropriate evidence, setting forth specific facts to show a genuine issue for trial." *Ramon v. Glenroy Const. Co., Inc.,* 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied.* Nevertheless, we stand by our earlier decision that there is a genuine issue of material fact that precludes summary judgment on this issue.

While not explicitly stated in our earlier opinion, our decision relied on the undisputed evidence that at least three Board members received *ex parte* communications concerning the Worman permit. With evidence of an administrative authority's receipt of *ex parte* communications comes the reasonable inference that the *ex parte* communications impacted the authority's decision. Board member Brant acknowledged that she received approximately 25–30 home phone calls from members of the public regarding the Worman permit, Board member Crane admitted that he received a call on the issue, and Board member Geisler affirmed that she received approximately ten telephone calls from neighbors of the Worman Facility expressing their concerns about the facility. While the Board members' assertions that they did not rely on the *ex parte* communications are certainly strong evidence indicating that no prejudicial error occurred, the evidence of the Board members' receipt of the *ex parte* evidence in

and of itself creates an evidentiary conflict with their assertions rendering summary judgment inappropriate. Despite their assertions to the contrary, evidence of the Board members' receipt of *ex parte* evidence puts into question their motivations and deliberations during the permit application process. Therefore, because the material designated by the parties was not conclusive, we follow the traditional doctrine that counsels against granting summary judgment when the issue in a case involves intent. *See Maul v. Van Keppel,* 714 N.E.2d 707, 709 (Ind.Ct.App.1999).

The petition for rehearing is granted. We affirm our original opinion in all respects, except as clarified in this opinion on rehearing.

BARNES, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent from the majority's determination on rehearing that the Board's receipt of communications from members of the public creates a genuine issue of material fact that precludes summary judgment. Slip op. 4–5. While I acknowledge that I originally concurred in the majority's opinion, the process of rehearing has afforded me a second opportunity to consider the issues that were raised in the initial appeal.

In originally deciding this case, we relied on the three-prong test set forth in *Gagne v. Tr. of Ind. Univ.,* 692 N.E.2d 489, 494 (Ind.Ct.App.1998), to determine whether ex parte communication received by the Board constituted prejudicial error.

Upon further reflection, I do not believe that we even have an ex parte communication issue before us. "Ex parte" is defined as "by or for one *party;* done for, in behalf of, or on the application of, one *party*

only." Black's Law Dictionary 712 (6th ed.1990) (emphasis added). Moreover, "party" is defined as "one having right to control proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from judgment." *Id.* at 1122. Nowhere is it even alleged that any of the persons who communicated with Board members are "parties" to these proceedings whose communication could be deemed ex parte.

Furthermore, the makeup of the solid waste management district board typically invites public comment. Indiana Code section 13–21–3–5 delineates the members of a waste management district board. All members of the board are county or municipal executives, county fiscal body members, and town or city council members. Ind.Code § 13–21–3–5. Thus, all are members of the political branches of government. Our state constitution guarantees the rights of our citizens to "instruct[ ] their representatives." Ind. Const. Art. I, section 31. A body composed of politicians will necessarily invite public comment. It is unrealistic to expect members of the public to cease communication with persons that they view as their governmental representatives.

For these reasons, I vote to grant rehearing and would affirm the entry of summary judgment in favor of the Board.