

# IN THE
# Indiana Supreme Court



**FILED**

Feb 27 2026, 1:37 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

Supreme Court Case No. 26S-MH-65

## In the Matter of the Civil Commitment of A.D.,
*Appellant-Respondent,*

–v–

## Community Fairbanks Behavioral Health,
*Appellee-Petitioner.*

---

Decided: February 27, 2026

Appeal from the Marion Superior Court
No. 49D08-2512-MH-58042
The Honorable David J. Certo, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 25A-MH-3292

---

**Per Curiam Opinion**

Chief Justice Rush and Justices Massa, Slaughter, Goff, and Molter concur.

**Per curiam.**

This matter is before the Indiana Supreme Court on A.D.'s expedited transfer petition. *See* Appellate Rule 57; *In re Marion Cnty. Expedited Mental Health Appeals Pilot Project*, No. 24S-MS-190 (Ind. July 16, 2024). Following an evidentiary hearing, the Marion County Probate Court entered an order on December 22, 2025, finding A.D. has a mental illness—namely, schizoaffective disorder, bipolar type—and is gravely disabled. The court committed A.D. to Community Fairbanks Behavioral Health ("Community") for no more than 90 days of treatment.

A.D. appealed her involuntary commitment, and the Court of Appeals affirmed in a published opinion. *See A.D. v. Cmty. Fairbanks Behav. Health*, --- N.E.3d ---- (Ind. Ct. App. Feb. 3, 2026). On transfer, A.D. argues that (1) the Court of Appeals misstated the standard of review for involuntary commitments; and (2) Community failed to prove by clear and convincing evidence that she has a mental illness, as I.C. § 12-26-2-5(e) requires. While we agree with A.D. on her first assertion, we find sufficient evidence to support her temporary commitment.

We reiterated the standard of review in these cases as recently as last year in *J.W. v. Comty. Fairbanks Behav. Health*:

> Appellate courts will affirm a civil commitment "if, 'considering only the probative evidence and the reasonable inferences supporting it, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find [the necessary elements] proven by clear and convincing evidence.'" *Commitment of T.K.*, 27 N.E.3d [271,] 273 [(Ind. 2015)] (quoting *Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 137 (Ind. 1988)). Probative evidence is that which "tends to prove or disprove a point in issue." *Galloway v. State*, 938 N.E.2d 699, 711 (Ind. 2010) (quoting Black's Law Dictionary 639 (9th ed. 2009)). And "[i]n order to be clear and convincing, the existence of a fact must be highly probable." *Commitment of B.J. v. Eskenazi Hosp./Midtown CMHC*, 67 N.E.3d 1034, 1038 (Ind. Ct. App. 2016).

260 N.E.3d 946, 951 (Ind. 2025).

Yet, the Court of Appeals—in this case and in others[1]—has also stated, "If the trial court's commitment order represents a conclusion that a reasonable person could have drawn, the order must be affirmed, even if other reasonable conclusions are possible." Slip Op. at *3, ¶ 11 (citing *Commitment of Heald*, 785 N.E.2d 605, 613 (Ind. Ct. App. 2003)). We expressly disapproved of this language in *Commitment of T.K.*, 27 N.E.3d at 274, as it dilutes the petitioner's "clear-and-convincing" burden of proof in the trial court. And we continue to disapprove of it here.

Accordingly, we grant transfer and summarily affirm the Court of Appeals opinion per Appellate Rule 58(A)(2), with the exception of the cited language from *Heald* in paragraph 11, which is hereby vacated.

Rush, C.J., and Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
Talisha R. Griffin
Marion County Public Defender Agency, Appellate Division
Indianapolis, Indiana

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Jenny R. Buchhheit
Abby V. DeMare
Rani B. Amani
Ice Miller, LLP
Indianapolis, Indiana

---

[1] *See also Commitment of J.M.*, 62 N.E.3d 1208, 1211 (Ind. Ct. App. 2016), *trans. not sought*; *E.F. v. St. Vincent Hosp. and Health Care Ctr.*, 194 N.E.3d 1130, 1135 (Ind. Ct. App. 2022), *trans. not sought*; *K.S. v. St. Vincent Hosp. and Health Care Ctr.*, No. 23A-MH-2712 at *4 (Ind. Ct. App. Apr. 24, 2024) (mem.), *trans. not sought*; *N.H. v. Indiana University Health Methodist Hosp.*, No. 23A-MH-2828 at *4 (Ind. Ct. App. May 16, 2024) (mem.), *trans. not sought*; *K.C. v. St. Vincent Hosp. and Health Care Ctr.*, No. 24A-MH-2336 at *3 (Ind. Ct. App. Oct. 24, 2024) (mem.), *trans. not sought*.